James D. MURPHY and Rosemary Murphy, Plaintiffs,

v.

CINCINNATI INSURANCE COMPANY, Defendant.

Civ. A. No. 83CV–6048–AA.

United States District Court, E.D. Michigan, S.D.

Dec. 19, 1983.

Robert E. Toohey, Kiefer, Allen, Cavanagh & Toohey, Bloomfield Hills, Mich., for plaintiffs.

Phillip K. Yeager, Deneneber, Tuffley, Thorpe, Bocan & Patrick, Southfield, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter is before the Court on the plaintiffs' Motion for Attorney Fees. For the reasons given below, the motion is granted.

The action was brought by the plaintiffs seeking payment of the proceeds of a fire insurance policy covering their real and personal property. The case was tried to a jury which found in favor of the plaintiffs. The jury also found that the defendant "did not act fairly and reasonably in the investigation of the facts and circumstances surrounding the fire."

The plaintiffs claim that the jury found that the defendant breached its duty to deal in good faith and, therefore, should be liable for the attorney fees incurred by the plaintiffs in having to enforce the contract.

The defendant argues that the jury, in finding that it did not act "fairly and reasonably", merely determined that the defendant was negligent and under *Kewin v. Massachusetts Mutual Life Ins. Co.,* 409 Mich. 401, 295 N.W.2d 50 (1980), plaintiffs are limited to damages for breach of a commercial contract.

■ As a preliminary matter, the jury finding of failure to act "fairly and reasonably" is equivalent to a finding of bad faith. The instructions given in connection with this question specifically told the jury that it could not answer the question in the affirmative based upon negligence alone but must find that the "acts of the defendant reflected a callous disregard for the rights of the plaintiffs."

■ Furthermore, a failure to properly investigate an insurance claim can constitute bad faith. *See Appleman, Insurance Law & Practice* § 8878.25. The plaintiffs in this action claimed, among other things, that the defendant failed to properly investigate the claim.

The next issue is whether Michigan would recognize a bad faith claim in the insurance context for which attorney fees might be awarded. There are no Michigan cases directly on point. The defendant argues that *Kewin, supra,* precludes such a claim. *Kewin* held that mental distress

damages were not available for breach of a commercial contract, absent an allegation and proof of tortious conduct existing independent of the breach. *Kewin* did not address the present problem and the opinion expressly reserves the question of whether attorney fees might be assessed for actions which constitute bad faith:

> We do not address a question not raised: Whether compensation for attorney's fees or other items of pecuniary loss caused by a breach of the insurer's contractual obligation to process. claims in good faith might be recoverable if properly pleaded.

*Kewin,* 409 Mich. at 421 n. 1, 295 N.W.2d 50.

The footnote in *Kewin* indicates that Michigan does recognize a contractual obligation on the part of the insurer to act in good faith. Such a duty has been expressly recognized in cases involving the settlement of third party claims against the insured. *See Wakefield v. Globe Indemnity Co.,* 246 Mich. 645, 225 N.W. 643 (1929); *Citizens Mutual Ins. Co. v. Nationwide,* 29 Mich.App. 91, 185 N.W.2d 99 (1970). *Wakefield* held that an insurer was liable to its insured for an excess of judgment over the face of the policy when the insurer, having exclusive control over the settlement, fraudulently or in bad faith refused to compromise a claim for an amount within the policy limit.

■ In light of these decisions and the footnote in *Kewin, supra,* this Court is persuaded that Michigan recognizes a contractual obligation on the part of an insurer to act in good faith and that this duty would necessarily extend to investigating claims "fairly and reasonably." The jury found that the defendant in the present case breached this contractual duty.

The question remaining is whether the attorney fees requested by the plaintiffs are a proper measure of the damages arising from the breach. The normal test applied to contract damages is whether the damages arise naturally from the breach of the contract itself. *Frederick v. Hillebrand,* 199 Mich. 333, 341, 165 N.W. 810 (1917). In this case, the failure to investigate the claim "fairly and reasonably" caused the plaintiffs to incur the expense of this litigation to enforce their rights under the contract.

■ This is not to say that any time an insured has to resort to the legal system and is successful that attorney fees may be recovered. This Court holds only that attorney fees are a reasonable measure of the damages for breach of the duty to act in good faith and, absent a specific finding of such a breach, there is no basis for an award of attorney fees.

In the present case the fee agreement between the plaintiffs and their counsel resulted in a fee of $16,637.59. Counsel, however, seeks $20,101.50 as the reasonable fee for services rendered and has provided the Court with copies of invoices in support of his claim that 268.02 hours were expended in preparing this case. At a normal fee of $75 per hour, the total bill would be $20,101.50 as claimed.

It is important to remember that the purpose in awarding attorney fees in this case is to compensate the plaintiffs for expenses reasonably incurred as a result of the breach. With this in mind, the operant figure is that derived from the retainer agreement, not the figure based upon the hourly rate normally charged by the attorney. The number of hours expended and the hourly rate are useful, however, in determining whether the figure under the retainer agreement is reasonable.

■ The Court finds that attorney fees awarded for breach of the insurer's obligation to deal in good faith should equal the amount owed by the plaintiffs under the retainer agreement or a reasonable fee for services rendered, whichever is less. In this case the plaintiffs are entitled to $16,637.59 for attorney fees.

SO ORDERED.