WENDT v AUTO-OWNERS INSURANCE COMPANY

Docket No. 82362. Submitted October 1, 1985, at Marquette. Decided November 4, 1986.

Charles Wendt brought an action in the Menominee Circuit Court against Auto-Owners Insurance Company alleging breach of contract, negligence in handling his claim, and intentional infliction of emotional distress in failing to timely and properly settle his claim, after Auto-Owners failed to settle his claim for damages to his vehicle. Under each theory of recovery plaintiff alleged as elements of damages: 1) loss of use of the funds; 2) default on the note under which the vehicle was pledged as security, and incidental costs incurred; 3) loss of use of the vehicle or its replacement with resulting loss of profits; and 4) loss of profits due to the overall loss of business resulting from the loss of revenue from the vehicle. The court, V. Robert Payant, J., dismissed the intentional infliction of emotional distress claim and struck the four enumerated elements of damages from the remaining claims. Plaintiff appeals.

The Court of Appeals *held:*

1. The court properly dismissed plaintiff's claim for intentional infliction of emotional distress but erred in striking plaintiff's claims for loss of use of the vehicle, for lost profits and for costs incurred because of the default on the note secured by the vehicle. The court also erred in striking plaintiff's claim for loss of the use of the settlement amount, but plaintiff is only entitled to damages for that element from the date of the injury to the date of filing the complaint. He is entitled to statutory interest for the remainder of the time. A

REFERENCES

Am Jur 2d, Damages §§ 46 *et seq.,* 80 *et seq.,* 174, 195-198, 243, 283.

Am Jur 2d, Insurance § 1771.

Am Jur 2d, Torts § 7.

What constitutes bad faith of insurer rendering it liable for statutory penalty imposed for bad faith in failure to pay, or delay in paying, insured's claim. 33 ALR4th 579.

Liability insurer's liability for interest and costs on excess of judgment over policy limit. 76 ALR2d 983.

See also the annotations in the Index to Annotations under Intentional, Wilful, and Wanton Acts; Torts.

claim for intentional infliction of emotional distress as a separate theory of recovery requires (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress.

2. In a tort action, the tortfeasor is liable for all injuries resulting directly from his wrongful act, whether foreseeable or not, provided that the damages are the legal and natural consequences of the wrongful act and are such as, according to common experience in the usual course of events, might reasonably have been anticipated. The damages arising from the defendant's negligence in handling plaintiff's insurance claim, for loss of the use of the vehicle, for the decline in profits from a business use of his vehicle, and for costs incurred by the default on the note secured by the vehicle, are conceivably damages which might reasonably have been anticipated by defendant.

3. The breach of an insurer's obligation to process a claim in good faith renders an insurer liable for pecuniary losses which are not otherwise compensated for by statute. Damages recoverable for breach of contract are limited to those that arise naturally from the breach or that were in the contemplation of the parties at the time the contract was made. The stricken elements of damages all arose naturally out of the breach of the insurance contract and were reasonably within the contemplation of the parties at the time of contracting. Thus, they are recoverable under the breach of contract claim.

Affirmed in part and reversed in part.

1. DAMAGES — CONTRACTS — BREACH OF CONTRACT — MENTAL ANGUISH — EMOTIONAL DISTRESS — COMMERCIAL CONTRACTS.

Damages for mental anguish or emotional distress for breach of a commercial contract, such as an insurance policy, are not recoverable in an action for the breach absent proof of contemplation of such damages at the time the agreement was made; however, tortious conduct existing independent of the breach may give rise to an award of exemplary damages.

2. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

A claim for intentional infliction of emotional distress as a separate theory of recovery requires (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress.

3. TORTS — DAMAGES.

In a tort action, the tortfeasor is liable for all injuries resulting directly from his wrongful act, whether foreseeable or not,

provided that the damages are the legal and natural consequences of the wrongful act and are such as, according to common experience in the usual course of events, might reasonably have been anticipated.

4. INTEREST — PREJUDGMENT INTEREST — INSURANCE.
   The prejudgment interest statute applies to no-fault insurance litigation and provides for interest from the date of filing of the complaint to the date of satisfaction of judgment to compensate a party for its loss of use of the funds (MCL 600.6013; MSA 27A.6013).

5. INSURANCE — FAILURE TO PROCESS CLAIMS — DAMAGES — PECUNIARY LOSSES.
   The breach of an insurer's obligation to process a claim in good faith renders an insurer liable for pecuniary losses which are not otherwise compensated for by statute.

6. DAMAGES — CONTRACTS — BREACH OF CONTRACT.
   Damages recoverable for breach of contract are limited to those that arise naturally from the breach or that were in the contemplation of the parties at the time the contract was made.

7. DAMAGES — INSURANCE — LOST PROFITS.
   Lost profits resulting directly from the breach of an insurer's obligation under the insurance contract which affect a specific collateral enterprise of which both parties are aware at the time of the agreement are recoverable as an element of damages.

8. DAMAGES — INSURANCE — LOSS OF USE OF SETTLEMENT AMOUNT.
   Loss of the use of the funds from an insurance claim from the date of the insurer's refusal to pay until a complaint is filed is an element of damages for breach of an insurance contract.

*Gerald Mason,* for plaintiff.

*De Grand, De Grand & Reardon, P.C.* (by *John T. Reardon*), for defendant.

Before: D. F. WALSH, P.J., and GRIBBS and SHEPHERD, JJ.

GRIBBS J. Plaintiff filed suit against defendant Auto-Owners Insurance Company for breach of contract, negligence and intentional infliction of

emotional distress. Plaintiff's claim in this action arose out of defendant's handling of his claim for collision damage to a diesel tractor rig, which was insured by defendant. Upon defendant's motion, the circuit court granted partial summary judgment pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8), dismissing plaintiff's claim for intentional infliction of emotional distress, and also struck certain of plaintiff's claims for damages. Plaintiff appeals as of right. We affirm in part and reverse in part.

Plaintiff's vehicle jackknifed and sustained extensive collision damage while it was being driven on hazardous winter roads on February 3, 1982, in Eureka, Missouri. Plaintiff promptly notified defendant of the accident and was advised by defendant to attempt to drive the vehicle back to Menominee County in Michigan. However, the vehicle could be driven only as far as Milwaukee, Wisconsin, where the damage was adjusted by defendant.

On March 22, 1982, defendant made an offer of settlement to plaintiff. Plaintiff rejected the offer, contending that defendant refused to pay for total damages sustained, and that defendant had inappropriately applied a $1,000 deductible, contrary to the language of the insurance policy.

On April 30, 1982, approximately three months after the accident, plaintiff filed the instant suit in circuit court, alleging breach of contract (Count I), negligence in adjustment (Count II), and intentional infliction of emotional distress in wilfully failing to settle plaintiff's collision damage claim timely and properly (Count III). In addition to the damages recoverable under the policy for repair or replacement of the vehicle, plaintiff sought additional damages on all three counts for the following:

A) Loss of use of the settlement amount;

B) Default has occurred on the Note between Plaintiff and the North Menominee Credit Union under which Note the vehicle was pledged as security, and Plaintiff has incurred all costs incident thereto;

C) Loss of use of the vehicle or its replacement with resulting loss of revenue normally generated by said vehicle;

D) Plaintiff's overall business has declined, and is continuing to decline, as a direct result of the loss of revenue from this vehicle;

E) Storage charges have been incurred, and are continuing to be incurred, while the vehicle remains with the dealership in Milwaukee, Wisconsin, where it has been appraised by Auto-Owners.

Upon defendant's motion, the circuit court dismissed plaintiff's intentional infliction of emotional distress claim (Count III), and struck plaintiff's claims for the damages sought in A through D (hereinafter referred to as additional damages) in the remaining breach of contract and negligence claims (Counts I and II).[1] Determining that the amount in dispute was less than $10,000, the circuit court remanded the case to 95A District Court. On September 13, 1984, the district court awarded plaintiff $10,835.58 for the reasonable cost of repair and damages and costs.

We hold that the circuit court properly dismissed Count III of plaintiff's complaint because plaintiff did not state a claim for intentional infliction of emotional distress, but that the circuit court erred, in part, in striking plaintiff's claims

---

[1] Although the circuit court's order struck these damages from Count I, "and as incorporated by reference in Count I," it appears from the record that the court was striking these damages from Count I (breach of contract claim), and as incorporated by reference in Count II (negligence claim) and that the second reference to Count I rather than Count II was merely a clerical error.

for the additional damages on plaintiff's breach of contract and negligence claims.

The first question before us involves plaintiff's claim of intentional infliction of emotional distress (Count III). Damages for mental anguish or emotional distress for breach of a commercial contract, such as an employment contract or a no-fault insurance policy, are not recoverable in an action for the breach absent proof of contemplation of such damages at the time the agreement was made. *Valentine v General American Credit, Inc,* 420 Mich 256, 263; 362 NW2d 628 (1984); *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 419; 295 NW2d 50 (1980). However, tortious conduct existing independent of the breach may give rise to an award of exemplary damages. *Kewin, supra,* pp 420-421.

A claim for intentional infliction of emotional distress as a separate theory of recovery requires (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress. *Roberts v Auto-Owners Ins Co,* 422 Mich 594, 602; 374 NW2d 905 (1985), citing Restatement Torts, 2d, § 46, p 71. In the case at bar, the conduct of which plaintiff complains in Count III is the negligent adjustment of plaintiff's claim (incorporated from Count II) and the intentional and willful "refus[al] to settle plaintiff's collision damage claim according to the terms of its contract with Plaintiff and according to the laws of the State of Michigan."[2] Plaintiff's allegation that defendant *negligently* adjusted his claim falls short of the requirement that the conduct be intentional or reckless. Furthermore, plaintiff's

---

[2] We exclude the conduct of the breaching of the contract which plaintiff also incorporated from Count I. The breaching of a commercial contract cannot sustain either an action for negligence or for intentional infliction of emotional distress.

allegation that defendant intentionally or wilfully refused to settle plaintiff's claim fails to meet the extreme and outrageous criterion that alleged conduct must meet for a claim of intentional infliction of emotional distress. The mere failure to pay a contractual obligation, without more, does not amount to outrageous conduct for purposes of this tort. *Roberts, supra,* p 605. Even a wilful or bad faith failure to do so does not meet this criterion. See *Roberts, supra,* p 608. Thus we find that plaintiff has failed to adequately plead the elements of an independent action for intentional infliction of emotional distress and affirm the grant of summary judgment for defendant on this claim.

The next question before us is whether the circuit court erred in striking plaintiff's claim for additional damages for loss of use of the vehicle, lost profits, loss of use of the settlement amount and costs incurred by the default on the note secured by the vehicle in the remaining negligence and breach of contract counts.

### NEGLIGENCE CLAIM

In a tort action, the tortfeasor is liable for all injuries resulting directly from his wrongful act, whether foreseeable or not, provided that the damages are the legal and natural consequences of the wrongful act and are such as, according to common experience in the usual course of events, might reasonably have been anticipated. *Sutter v Biggs,* 377 Mich 80; 139 NW2d 684 (1966). However, recovery of remote, contingent or speculative damages is not permitted. *Sutter, supra.*

In the instant case, plaintiff, in his negligence claim, sought damages for: (1) loss of use of the vehicle; (2) lost profits; (3) loss of the use of the

settlement amount; and (4) costs incurred by the default on the note secured by the vehicle. The damages arising from the defendant's negligence in handling plaintiff's insurance claim, for loss of the use of the vehicle, for the decline in profits from a business use of his vehicle, and for costs incurred by the default on the note secured by the vehicle are conceivably damages which might reasonably have been anticipated by defendant. Moreover, questions of what damages might be reasonably anticipated is a question better left to the factfinder. Thus we find that the circuit court erred in striking damages for loss of use of the vehicle, for lost profits from plaintiff's negligence claim, and for costs incurred as a result of the default on the note secured by the vehicle.

With respect to loss of use of the settlement amount, only interest from the date of injury to the date of the complaint is available as part of damages to be awarded. See *Currie v Fiting,* 375 Mich 440, 454, 455; 134 NW2d 611 (1965); *Vannoy v City of Warren,* 26 Mich App 283, 288-289; 182 NW2d 65 (1970), aff'd 386 Mich 686; 194 NW2d 304 (1972). The prejudgment interest statute, MCL 600.6013; MSA 27A.6013, which is applicable to no-fault insurance litigation, *Wood v DAIIE,* 413 Mich 573, 589; 321 NW2d 653 (1982); *Denham v Bedford,* 407 Mich 517, 527; 287 NW2d 168 (1980), provides for interest from the date of the filing of a complaint to the date of satisfaction of judgment to compensate a party for its loss of use of the funds. *Osinski v Yowell,* 135 Mich App 279, 288; 354 NW2d 318 (1984). Thus, although plaintiff could plead interest as an element of damages, he could seek interest only from the date of injury, i.e., the date the settlement should have been paid, to the date of the complaint, and the circuit court

should have struck the claim for interest damages only from the date of the filing of the complaint.

Thus, except for loss of use of the settlement amount after the date of the filing of the complaint, we find that the circuit court erred in striking plaintiff's additional elements of damages from his negligence claim.

### CONTRACT CLAIM

We now turn to the question of whether or not plaintiff could plead and recover damages on his breach of contract claim for lost profits, loss of use of the vehicle, loss of use of the settlement amount and costs arising from the default on the note secured by the vehicle.

In holding that damages for emotional distress and mental anguish are not generally recoverable for the breach of a commercial contract, the Supreme Court in *Kewin, supra,* expressly left open the question of whether compensation for items of pecuniary loss caused by the breach of an insurer's contractual obligation to process a claim in good faith might be recoverable if properly pled.[3] *Kewin, supra,* p 421, n 2. See *Murphy v Cincinnati Ins Co,* 772 F2d 273, 276 (1985), affirming in part 576 F Supp 542 (ED Mich, 1983). We see no reason to hold an insurer less accountable for its actions than another contracting party. Consequently, we hold that the breach of an insurer's obligation to process a claim in good faith renders an insurer liable for pecuniary losses which are not otherwise

---

[3] Our sister jurisdictions are not in agreement as to whether any collateral damages resulting from an insurer's wrongful delay or refusal to make payments due under the insurance contract are recoverable. See Anno: *Insurer's liability for consequential or punitive damages for wrongful delay or refusal to make payments due under contracts,* 47 ALR3d 314; Appleman, Insurance Law and Practice, Vol 16A, § 8878.35, p 434.

compensated for by statute.[4] See *City of Wakefield v Globe Indemnity Co*, 246 Mich 645; 225 NW 643 (1929).

In the instant case, plaintiff pled that, knowing the hardship which would be caused to plaintiff through the loss of his vehicle, defendant intentionally and wilfully breached its contract by refusing to settle plaintiff's claim according to the terms of its contract with plaintiff. Liberally construing these allegations, we find that plaintiff alleged that defendant has breached its obligation to process plaintiff's claim in good faith. Thus plaintiff can seek damages for defendant's breach, subject to the limitations applicable to damages for breaches of commercial contracts.

Michigan follows the rule of *Hadley v Baxendale*, 9 Exch 341; 156 Eng Rep 145 (1854), that damages recoverable for breach of a contractual obligation are those that arise naturally from the breach or those that were in the contemplation of the parties at the time the contract was made. *Kewin, supra*, p 414. Thus, for example, lost profits resulting directly from the breach of the insurer's obligation under an insurance contract which affects a specific collateral enterprise of which both parties are aware at the time of the agreement would be recoverable. See *Parmet Homes, Inc v Republic Ins Co*, 111 Mich App 140, 149-150; 314 NW2d 453 (1981), lv den 415 Mich 851 (1982); *Salamey v Aetna Casualty & Surety Co*, 741 F2d

---

[4] Michigan's prejudgment interest statute, MCL 600.6013; MSA 27A.6013, compensates a plaintiff from the date the complaint is filed for the pecuniary loss of the use of the amount of money to which plaintiff is entitled. Also, in the context of no-fault insurance, upon a finding that the insurer has unreasonably refused or delayed payment of an insurance claim, plaintiff is statutorily entitled to attorney fees. MCL 500.3148; MSA 24.13148. (Contrast *Murphy, supra*, where attorney fees were awarded as pecuniary loss damages arising naturally from the breach of a fire insurance contract where no such statutory entitlement to attorney fees existed).

874, 877 (CA 6, 1984) (allowing the recovery of lost profits for breach of an insurance contract and opining that Michigan would join those courts permitting the recovery of such damages).

In the instant case, plaintiff alleged that defendant was aware of the fact that plaintiff was involved in a small family trucking business and that the loss of the vehicle, or a replacement, would cause an extreme financial hardship to plaintiff and his business.[5] Thus, we conclude that plaintiff has properly pled lost profits as an element of damages in his breach of contract claim.

With respect to the loss of use of the settlement amount, defendant's refusal to pay plaintiff's claim would logically result in a loss of the use of the settlement amount, at least until the time the settlement was paid or a complaint was filed, at which time the prejudgment statutory interest compensating plaintiff for loss of use of the settlement would be applicable if plaintiff prevailed. Thus we hold the loss of use of the settlement amount from the date it should have been paid until the date of the filing of the complaint can be said to have naturally arisen from the breach. Similarly, loss of the use of a vehicle and costs arising from the default on the note secured by the vehicle can also be viewed as natural consequences of defendant's failure to pay the settlement amount on a vehicle sustaining serious collision damage.

In summary, we find that damages in the breach of contract claim for lost profits, loss of use of the vehicle, costs arising from the default on the note

---

[5] Although this allegation of awareness on defendant's part appeared in plaintiff's intentional infliction of emotional distress claim (Count III) which was ultimately stricken, we do not ignore this allegation when considering the breach of contract claim (Count I) on the technical ground that it was physically contained in stricken Count III.

secured by the vehicle, and loss of use of the settlement amount until the date of the filing of the complaint were improperly stricken. The claim for damages for loss of use of the settlement amount from the date of the filing of the complaint was properly stricken.

Affirmed in part and reversed in part.