**RED CEDARS, INC., a Michigan corporation, et al., Plaintiffs,**

v.

**WESTCHESTER FIRE INSURANCE CO., a New York corporation, Defendant.**

Civ. A. No. 87–72876.

United States District Court, E.D. Michigan, S.D.

June 21, 1988.

Jesse R. Bacalis, Bacalis & Associates, Detroit, Mich., for plaintiffs.

Phillip K. Yeager, Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C., Southfield, Mich., for defendant.

## AMENDED MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs, Red Cedars, Inc., a Michigan corporation, Cedars Properties, a Michigan co-partnership, and the partners of Cedars Properties, filed this suit against defendant Westchester Fire Insurance Company, a New York corporation. I have jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiffs' building, a restaurant, was destroyed by fire. Defendant denied plaintiffs' claim under the policy on the ground of arson. Plaintiffs allege that defendant's denial was a breach of contract, that defendant denied the claim in bad faith.

Defendant moves for partial summary judgment or alternatively for bifurcation of trial. Defendant asks that plaintiffs be restricted to their breach of contract claim, and that "therefore" the damages be limited to the policy limits. In the alternative, defendant moves for bifurcation of trial, asking that the issue of bad faith be tried separately after the other issues.

Plaintiffs' complaint is in three counts. In the first count plaintiffs ask for an appraisal of the fire damage. In the second count plaintiffs ask for damages under the theory of breach of contract, and in the third count plaintiffs ask for damages under the theory of constructive fraud.

Under breach of contract theory plaintiffs claim not only damages under the policy but also consequential damages for defendant's denial of their claim. Plaintiffs claim as consequential damages, *inter alia,* lost profits from their restaurant business and lost rental income. Under their constructive fraud claim, plaintiffs claim damages for repair costs and for mental distress and anguish.

■ As to count one, sending the issue of the amount of fire damages to an appraiser would unduly lengthen this action. The issue of the amount of damages is one which is routinely decided by juries. Thus, I hold that the parties shall submit the issue of the amount of damages to the jury.

■ Defendant correctly argues that plaintiffs may recover for mental distress or anguish for a breach of a commercial (versus a "personal") contract only if such damages were contracted for, or for tortious conduct existing independent of the breach. *Kewin v. Massachusetts Mutual Life Ins. Co.,* 409 Mich. 401, 415–19, 295 N.W.2d 50, 53–55 (1980); *Wendt v. Auto–Owners Ins. Co.,* 156 Mich.App. 19, 23–25, 401 N.W.2d 375, 377–78 (1986). Plaintiffs do not allege that such damages were contracted for nor do they allege an independent tort. Thus, I hold that plaintiffs may not recover damages for mental anguish or distress.

Defendant also correctly argues that there is no separate cause of action for an insurer's bad faith denial of a claim. *Roberts v. Auto–Owners Ins. Co.,* 422 Mich. 594, 604, 374 N.W.2d 905, 909 (1985), *citing Kewin,* 409 Mich. at 423, 295 N.W.2d at 56. From this proposition, in conjunction with the proposition that there is no recovery for exemplary damages for a breach of contract, defendant jumps to a *non sequitur:* that plaintiffs' damages be limited by the policy limits on losses. While *Kewin* left open the issue of whether damages for breach of an insurance contract should be limited by the policy, 409 Mich. at 421 n. 2,

295 N.W.2d at 55 n. 2, it has since been answered in the affirmative. *Wendt*, 156 Mich.App. at 27–30, 401 N.W.2d at 379–80; *Salamey v. Aetna Casualty & Surety Co.*, 741 F.2d 874, 877 (6th Cir.1984).

 An insured may recover consequential damages for the insurer's breach of contract. In *Wendt* plaintiff sued his insurer for lost profits due to insurer's failure to settle his claim for damages to his diesel tractor truck. The Michigan Court of Appeals stated that an insured may recover for pecuniary losses which result from the insurer's failure to process a claim in good faith.[1] The court stated that under the rule of *Hadley v. Baxendale*, 9 Exch. 341, 156 Eng.Rep. 145 (1854), damages are recoverable if they arise naturally from the breach or were within the parties' contemplation. *Wendt*, 156 Mich.App. at 29, 401 N.W.2d at 380.

 The policy's limits on losses do not restrict consequential damages claimed as a breach of the policy. In *Salamey* the United States Court of Appeals for the Sixth Circuit was faced with the issue of whether the policy limits for business interruption losses limited lost profits claimed as damages for the insurer's breach of contract. The court held that they did not:

> This claim for lost profits is separate from the claims to enforce the insurance contract. "The policy limits restrict the amount the insurer may have to pay in the performance of the contract, not the damages that are recoverable for its breach." *Lawton v. Great Southwest Fire Insurance Co.*, 118 N.H. 607, 392 A.2d 576, 579 (1978).... Salamey here is seeking to collect damages for losses occasioned by Aetna's breach of contract in failing to pay Salamey's claim under the policy. The business interruption clause is thus irrelevant to the measure of damages for breach of contract.

741 F.2d at 877.

Thus, plaintiffs may recover consequential damages for defendant's alleged breach of contract, and the policy limits do not restrict such damages.

 In the alternative, defendant moves for bifurcation of trial. It alleges that it will be prejudiced by the presentation of evidence of its alleged bad faith denial of the claim. Plaintiffs' allegations concern the breach of contract claim and all issues should be tried at the same time.

Accordingly, defendant's motion for partial summary judgment is GRANTED. Plaintiffs may proceed only upon their breach of contract claim. However, plaintiffs may recover for all damages, including consequential damages, except damages for mental distress or anguish. Defendant's motion for bifurcation is DENIED.

IT IS SO ORDERED.

---

1. The court's language should not be understood as requiring a showing of bad faith. As the Michigan Supreme Court stated, in a commercial contract situation a breach is a breach. The breaching party's motive is not material. *Kewin*, 409 Mich. at 420, 295 N.W.2d at 55.