LAWRENCE v WILL DARRAH & ASSOCIATES, INC

Docket No. 123790. Submitted February 11, 1992, at Detroit. Decided July 6, 1992, at 9:50 A.M. Leave to appeal sought.

Benjamin P. Lawrence, an independent trucker, brought an action in the Macomb Circuit Court against insurance underwriters Will Darrah & Associates, Inc., and Lucy J. Barker, alleging breach of contract and intentional infliction of emotional distress relating to the defendants' failure to pay a claim filed by the plaintiff following the theft of his truck. The court, Robert J. Chrzanowski, J., granted summary disposition of the claim of intentional infliction of emotional distress in favor of the defendants, granted partial summary disposition of the breach of contract claim in favor of the plaintiff by awarding him a money judgment for the value of the truck, and allowed the case to proceed to a jury trial regarding the amount of lost profits the plaintiff could recover as consequential damages. The jury returned a verdict and award for the plaintiff. The court entered judgment consistent with the verdict and ordered that compound interest be paid on that and the earlier judgment. The defendants appealed, and the plaintiff cross appealed.

The Court of Appeals *held:*

1. The trial court erred in denying a directed verdict for the defendants with regard to the claim for lost profits. The evidence did not establish that the parties, at the time they contracted for insurance, had contemplated lost profits as damages in the event of breach.

2. The trial court erred in awarding compound interest instead of simple interest as mandated by MCL 500.2006; MSA 24.12006. The case must be remanded for a redetermination of interest.

3. The trial court did not err in summarily dismissing the claim of intentional infliction of emotional distress. Failure to

REFERENCES

Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 33-35; Insurance §§ 461, 462.

See the Index to Annotations under Insurance; Intentional, Wilful, and Wanton Acts.

pay a contractual obligation does not amount to outrageous conduct for which an action may lie for intentional infliction of emotional distress.

Affirmed in part, reversed in part, and remanded.

1. INSURANCE — BREACH OF INSURANCE CONTRACTS — DAMAGES — LOST PROFITS.

A casualty insurer of an item put in commercial use is not liable for lost profits as consequential damages for breach of contract where such damages were not contemplated at the time the contract was made.

2. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — FAILURE TO PAY CONTRACTUAL OBLIGATIONS.

The failure to pay an obligation due under a contract does not constitute outrageous conduct for which an action may lie for intentional infliction of emotional distress.

*Timothy A. O'Rourke,* for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana* and *John F. Potvin*), for the defendants.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ.

MICHAEL J. KELLY, J. Plaintiff Benjamin P. Lawrence filed suit against defendants Will Darrah & Associates, Inc., and Lucy J. Barker (hereinafter defendant), an insurance representative underwriter, to collect damages recoverable under the insurance policy and consequential damages in the form of lost profits caused by defendant's failure to timely pay plaintiff's claim.

Plaintiff's claim stems from the theft of his 1975 International Harvester tractor truck used in his capacity as an independent contractor. The truck was insured under a 1981 insurance policy written by defendant. Defendant failed to pay plaintiff's claim under the policy after the truck was stolen. Plaintiff then brought this action, seeking recovery for the truck and consequential damages in the

form of lost profits. Judgment in favor of plaintiff was rendered in part by the court and in part by the jury, totaling $155,153 ($19,250 for damages under the insurance contract and $70,800 for lost profits, plus interest on both). Defendant appealed as of right, and plaintiff cross appealed.

Defendant first claims that the trial court erred in denying her motion for a directed verdict because the proofs at trial showed only that she knew that plaintiff used his tractor in a commercial venture and that this was insufficient to create a factual issue regarding whether lost profits were foreseeable when the policy was issued. We agree. The trial court should have directed a verdict in favor of the defendants and against the plaintiff with regard to plaintiff's claim for lost profits.

It is undisputed that the policy in question covered only physical damage to the truck. That is, plaintiff bought and paid for insurance coverage for loss of or damage to the vehicle itself and not for any loss of earnings, productivity, or profits occasioned by down time or loss of the use of the vehicle itself.

Plaintiff's lost profits are not recoverable as consequential damages contemplated by the parties at the time the contract was made. *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145 (1854). The commentators usually say that consequential damages are borne by the undertaking party, in this case the insurance underwriters, only if the magnitude or appreciation of the risk was known at the time of the contract. In this case, the parties and the court below were beguiled by the fact that the insurance company knew that plaintiff used his truck for business. They concluded that, knowing the truck was used for business, the insurance company should be charged with knowl-

edge that loss of the truck meant loss of business profits. That deduction is correct, but irrelevant. It overlooks the important fact that the contract did not insure against loss of profits. Such knowledge does not automatically establish that the parties contemplated damages for lost profits at the time the contract was made.

In sum, plaintiff may not recover lost profits as consequential damages under the circumstances of this case. The trial court erred in denying defendant's motion for a directed verdict in this regard.

Defendant next argues that the trial court erred in its assessment of interest on the damages award. It appears from the record that interest on the $19,250 award was calculated on a compound interest basis rather than on a simple interest basis as mandated by MCL 500.2006; MSA 24.12006. Therefore, we remand this matter to the trial court for modification of the judgment to reflect simple interest.

Lastly, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition of plaintiff's claim of intentional infliction of emotional distress. We disagree. Defendant's obligations under the insurance policy were contractual in nature. A mere failure to pay a contractual obligation does not amount to outrageous conduct for purposes of the tort of intentional infliction of emotional distress. Even a wilful or bad-faith failure to pay the contractual obligation does not amount to outrageous conduct. *Wendt v Auto-Owners Ins Co,* 156 Mich App 19, 27-29; 401 NW2d 375 (1986); *McCahill v Commercial Union Ins Co,* 179 Mich App 761, 768; 446 NW2d 579 (1989). Therefore, the trial court did not err in granting defendant's motion for summary disposition of plaintiff's claim of intentional infliction of emotional distress.

Reversed in part, affirmed in part, and remanded for proceedings consistent with this opinion.