ISAGHOLIAN v TRANSAMERICA INSURANCE CORPORATION

Docket No. 142460. Submitted October 19, 1994, at Detroit. Decided December 6, 1994, at 9:10 A.M.

Leon B. Isagholian brought an action in the Wayne Circuit Court against Transamerica Insurance Corporation and Transamerica Insurance Company, seeking damages both for the defendants' breach of the insurance contract issued to the plaintiff and for mental and emotional distress caused by the defendants' bad-faith dealings with the plaintiff. The court, James A. Hathaway, J., granted partial summary disposition for the defendants, dismissing the plaintiff's tort claim. A jury returned a verdict for the plaintiff with respect to the breach of contract claim, and the court entered a judgment in the amount of the policy limit of contents coverage of the homeowner's policy issued by the defendants to the plaintiff. The court denied the defendants' motion for a new trial. The defendants appealed, and the plaintiff cross appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion by denying the defendants' motion for a new trial. The evidence concerning the defendants' repeated denials of the plaintiff's repeated claim for benefits was relevant, and admission of it was not unduly prejudicial. The jury instructions concerning the defendants' bad faith in processing the claim, when viewed in the context of the entire instruction, were harmless.

2. The trial court did not abuse its discretion in denying the defendants' motion for a directed verdict. Viewing the evidence in the light most favorable to the plaintiff, there was sufficient evidence to raise a question of fact whether the defendants breached their duties under the contract of insurance.

3. The trial court did not err in admitting into evidence testimony concerning affidavits that had been submitted to the defendants along with the plaintiff's claim for benefits. Those affidavits were not admitted into evidence, and the testimony was only for the purpose of establishing the existence of the affidavits and not for the truth of the matters asserted in them and, thus, was not hearsay.

4. The defendants provided no authority supporting their

assertion that the trial court erred in refusing to admit into evidence court documents relating to the plaintiff's prior divorce.

5. Because the circumstances do not establish that the plaintiff had any control over the actions of his brother, the defendants were not entitled to a jury instruction that any evidence the brother might have testified to would have been favorable to them, the plaintiff having no special obligation to produce that testimony.

6. The defendants were not denied a fair and impartial trial by the innocuous comments concerning the defendants' motives made by plaintiff's counsel during closing arguments.

7. Because there was no allegation of tortious conduct independent of the breach of contract, the trial court properly dismissed the tort claim for mental and emotional distress.

8. Because the plaintiff did not plead as special damages reimbursement of his attorney fees or show that he was entitled to attorney fees under these circumstances, no error resulted from the trial court's refusal to order payment of attorney fees.

Affirmed.

*Goodman, Eden, Millender & Bedrosian* and *Williams & Youngblood, P.C.* (by *Amos E. Williams*), for the plaintiff.

*Hewson & Van Hellemont, P.C.* (by *Jerald Van Hellemont* and *Michael M. Carey*), for the defendants.

Before: CAVANAGH, P.J., and T. G. KAVANAGH* and L. V. BUCCI,** JJ.

PER CURIAM. This case involves the breach of an insurance contract. Defendant[1] appeals as of right from the jury verdict in favor of plaintiff and from the court's order denying a new trial. Plaintiff

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

[1] For all practical purposes, defendants are a single entity and will be referred to as such in this opinion.

cross appeals as of right from the court's grant of defendant's motion for partial summary disposition dismissing plaintiff's tort claim and from the court's denial of attorney fees. We affirm in all respects.

We have disregarded defendant's statement of the facts, which ignores the requirements of MCR 7.212(C)(5). In particular, the statement is self-serving and devoid of reference to the record.

On January 4, 1988, the home of plaintiff, Leon Isagholian, was burglarized. Plaintiff learned of the burglary the next day and contacted the police.

Plaintiff was covered by a homeowner's insurance policy issued by defendant, Transamerica Insurance. Plaintiff timely notified his local insurance agent of his loss. After contacting defendant's office and making a tape-recorded telephone statement regarding the loss, plaintiff on May 26, 1988, submitted the proof of loss form required by defendant. Plaintiff estimated the value of the stolen property to be more than $136,000.

Defendant rejected the proof of loss form on June 28, 1988. It asserted that plaintiff claimed an actual cash value in excess of the true value of the loss, failed to provide substantial proof of ownership, and failed to provide other information in support of the proof of loss.

Plaintiff continued to submit his proof of loss, and defendant continued to reject it. The claim was finally denied in October 1988.

Plaintiff filed suit in January 1989.

In January 1991, the trial court entered its order granting defendant's motion for partial summary disposition and dismissing plaintiff's count II, "Bad Faith Dealings."

The jury found in favor of plaintiff with respect

to the remaining breach of contract count, and the judgment specified damages of $64,604 (the limit of insurance coverage under the policy), plus interest and mediation sanctions.

Defendant's motion for a new trial was denied, as was plaintiff's postverdict request for attorney fees. This appeal followed.

I

Defendant's first two issues on appeal essentially raise the question whether the trial court erred in denying defendant's motion for a new trial based on the allegedly improper admission of evidence of bad-faith dealings and improper argument of plaintiff's counsel.

This issue is without merit. The good faith of both parties was integral to this action. The conduct of plaintiff's counsel in this regard was no more reprehensible than that of defense counsel. Moreover, the evidence of defendant's repeated denials of the claim was relevant and not unduly prejudicial.

Any error in instructing the jury concerning defendant's bad faith and including a related question on the verdict form was harmless because, on balance, the theories of the parties and the applicable law were adequately and fairly presented to the jury. *Wiegerink v Mitts & Merrill,* 182 Mich App 546, 548; 452 NW2d 872 (1990).[2]

The trial court did not clearly abuse its discretion in denying the motion for a new trial. *Means v Jowa Security Services,* 176 Mich App 466, 475; 440 NW2d 23 (1989).

---

[2] Defendant has produced no evidence whatsoever of a "collusive atmosphere" between plaintiff's counsel and the trial court, and we find offensive its gratuitous comment in this regard. Defendant does not assist the presentation of its case by engaging in such tactics.

## II

Defendant next argues that the trial court erred in denying its motion for a directed verdict. Defendant asserts that plaintiff failed to offer testimony relating to the existence and value of each and every item that was stolen and, hence, that plaintiff did not establish a prima facie case of breach of contract.

In deciding whether the trial court erred in denying a motion for a directed verdict, this Court reviews all the evidence presented up to the time of the motion in a light most favorable to the nonmoving party to determine whether a question of fact existed. *Morrow v Boldt,* 203 Mich App 324, 327; 512 NW2d 83 (1994); *Stoken v J E T Electronics & Technology, Inc,* 174 Mich App 457, 463; 436 NW2d 389 (1988). The trial court's decision will not be disturbed absent a clear abuse of discretion. *Howard v Canteen Corp,* 192 Mich App 427, 431; 481 NW2d 718 (1992).

Viewing the evidence in the light most favorable to plaintiff, there was a question of fact whether defendant had breached the contract of insurance by denying plaintiff's claim. Defendant has cited no authority, and we have found none, for the proposition that the value of each individual item was required to be shown separately. In any event, there was evidence that the aggregate value of the stolen property exceeded $136,000. This was sufficient to establish a prima facie case.

The court did not abuse its discretion in denying the motion for a directed verdict.

## III

Defendant next claims that the court erroneously admitted certain hearsay evidence. This issue is without merit.

During the claims process, defendant required plaintiff to provide proof of ownership of the items that were stolen. With respect to any items that were gifts, defendant requested a written statement from the giver.

At trial, in an apparent attempt to establish that he complied with defendant's requirements, plaintiff questioned defendant's representative about the affidavits of certain people who had given plaintiff some of the items and of others who had seen the items in plaintiff's home. Defendant objected that the information constituted hearsay. The court overruled the objection.

The affidavits themselves were not admitted into evidence. Any reference to them at trial was for the purpose of establishing their existence and not for the truth of the matters asserted in them. Thus, the evidence was not hearsay, and the court did not abuse its discretion in admitting it. MRE 801(c); *Price v Long Realty, Inc,* 199 Mich App 461, 466; 502 NW2d 337 (1993).

IV

Defendant next takes issue with the trial court's refusal to admit into evidence a 1979 court document relating to plaintiff's divorce. Defendant asserts that the document was relevant to show the existence or nonexistence of several of the allegedly stolen items.

Defendant has abandoned this issue by failing to show how the documentary evidence, which on its face constitutes hearsay, was admissible. This Court will not search for authority to sustain or reject a party's position. *Speaker-Hines & Thomas, Inc v Dep't of Treasury,* 207 Mich App 84; 523 NW2d 826 (1994).

Even assuming that the document was not inad-

missible hearsay, the trial court did not abuse its discretion in refusing to admit it, *Price, supra,* in light of its marginal relevance and the fact that counsel was permitted to cross-examine plaintiff about the document.

V

Next, defendant claims error in the trial court's denial of its motion in limine concerning the absence of testimony of plaintiff's brother, Shabaz Isagholian, who apparently had given plaintiff a number of the items that were stolen.

Shabaz' deposition was originally scheduled to take place in June 1989, but it was adjourned at plaintiff's request. Shabaz was ill on the date of the rescheduled deposition. He was diagnosed as suffering from cancer in February or March 1990 and died in August 1990.

Before trial, defendant asked the court to instruct the jury, consistent with SJI2d 6.01, that, had Shabaz been deposed, his testimony would have been adverse to plaintiff. Defendant argued that Shabaz was under plaintiff's control and plaintiff refused to produce him for deposition. The trial court denied the motion.

The requested jury instruction should be given only where the missing evidence was under the party's control. See *Prudential Ins Co of America v Cusick,* 369 Mich 269; 120 NW2d 1 (1963); *Barringer v Arnold,* 358 Mich 594, 601-602; 101 NW2d 365 (1960). Control has been found where the witness was an officer or agent of the party. See *Prudential Ins, supra; Barringer, supra.* It has not been found where the witness was merely a relative not living in the party's household, and there was no evidence that the witness was subject to the party's control. *Barringer, supra* at 602. Where

a witness is equally available to either party, the presumption that the missing witness would testify adversely to any particular theory is not recognized. *Id.* at 603-605.

The facts set forth by counsel do not establish that plaintiff had control of his adult brother, who lived in California. Thus, the court did not abuse its discretion in declining to give the instruction. MCR 2.516(D)(2); *Constantineau v DCI Food Equipment, Inc,* 195 Mich App 511, 516; 491 NW2d 262 (1992).

VI

Finally, defendant claims that the trial court erred in failing to grant its motion for a mistrial, brought during plaintiff's closing argument when counsel argued that defendant's motive was to retain the $64,604 and made other references to defendant's bad faith.

We do not believe that defendant was denied a fair and impartial trial on the basis of those fairly innocuous comments. Counsel's behavior did not compare with the egregious conduct of the attorneys in *Reetz v Kinsman Marine Transit Co,* 416 Mich 97; 330 NW2d 638 (1982), and in *Wayne Co Road Comm'rs v GLS LeasCo, Inc,* 394 Mich 126; 229 NW2d 797 (1975), the only cases cited by defendant in support of its argument. Thus, the trial court did not abuse its discretion in denying the motion.

VII

We next turn to plaintiff's issues on cross appeal. Plaintiff first argues that the court erred in granting partial summary disposition for defendant and dismissing his separate tort count claim-

ing damages for mental and emotional distress. We disagree.

Plaintiff's count II is entitled "Bad Faith Dealings." It alleges that defendant violated its duties of good faith and fair dealing by failing to pay plaintiff's claim and in the way it treated plaintiff in connection with the claim.

Damages for mental distress are not recoverable in a breach of contract action absent allegation and proof of tortious conduct existing independently of the breach of contract. *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 419-421; 295 NW2d 50 (1980); *Taylor v Blue Cross & Blue Shield of Michigan,* 205 Mich App 644, 657; 517 NW2d 864 (1994); *Wendt v Auto-Owners Ins Co,* 156 Mich App 19, 24; 401 NW2d 375 (1986). In this case, as in *Kewin, Taylor,* and *Wendt,* plaintiff has pleaded no more than defendant's bad-faith failure to pay its contractual obligation. This is insufficient to establish an independent tort action. *Roberts v Auto-Owners Ins Co,* 422 Mich 594, 607-608; 374 NW2d 905 (1985); *Taylor, supra.*

We note that, in general, a violation of the Uniform Trade Practices Act, MCL 500.2001 *et seq.*; MSA 24.12001 *et seq.,* does not give rise to a private cause of action. *Young v Mich Mutual Ins Co,* 139 Mich App 600, 604-606; 362 NW2d 844 (1984).

Thus, the court correctly dismissed plaintiff's bad-faith count.


### VIII

We need not consider the merits of plaintiff's claim that he was entitled to reimbursement of his attorney fees in light of his failure to plead such as an element of special damages. MCR 2.112(I);

*Van Pembrook v Zero Mfg Co,* 146 Mich App 87, 107; 380 NW2d 60 (1985).

Regardless, it appears that attorney fees may not be recovered under these circumstances. *Taylor, supra* at 658. To the extent that the court held otherwise in *Murphy v Cincinnati Ins Co,* 772 F2d 273 (CA 6, 1985), we hold that its opinion misconstrues Michigan law.

IX

Defendant raises one further issue relating to the propriety of plaintiff's attaching as exhibits on appeal certain documents that were not part of the record below. Two of those items (Exhibits F and H) are not found in the trial record, and we have disregarded them. *Nationwide Mutual Ins Co v Quality Builders, Inc,* 192 Mich App 643, 648; 482 NW2d 474 (1992).

Affirmed.