ROBERTS v VAUGHN

Docket No. 173231. Submitted November 14, 1995, at Lansing. Decided December 28, 1995, at 9:00 A.M. Leave to appeal sought.

Mark L. Roberts brought a negligence action in the Saginaw Circuit Court against Fizena A. Vaughn and Sylvia Medina, seeking damages for alleged injuries sustained when the plaintiff, a volunteer fire fighter and rescue worker, responded to an automobile accident. When the plaintiff attempted to extricate Vaughn from the damaged vehicle, she kicked her legs and knocked him to the pavement, causing the alleged injuries. The court, Robert L. Kaczmarek, J., granted summary disposition for the defendants, finding that the fireman's rule precluded recovery by the plaintiff. The plaintiff appealed.

The Court of Appeals *held:*

The fireman's rule is applicable to volunteer fire fighters on the basis of public policy considerations. Because the plaintiff's claim asserts that he was injured as a consequence of the conduct that required his presence at the scene of the accident, application of the fireman's rule is appropriate.

Affirmed.

NEGLIGENCE — FIRE FIGHTERS — POLICE OFFICERS — FIREMAN'S RULE — DAMAGES.

The "fireman's rule," which provides that fire fighters or police officers may not recover damages for injuries occasioned by negligence that caused their presence in an official capacity on premises where the injury occurred, applies to volunteer fire fighters as well as to salaried fire fighters.

REFERENCES

Am Jur 2d, Negligence §§ 689-694, 696, 1493; Premises Liability § 436.

Liability of owner or occupant of premises to fireman coming thereon in discharge of his duty. 11 ALR4th 597.

Rescue doctrine: liability of one who negligently causes motor vehicle accident for injuries to person subsequently attempting to rescue persons or property. 73 ALR4th 737.

Application of "Firemen's Rule" to bar recovery by emergency medical personnel injured in responding to, or at scene of, emergency. 89 ALR4th 1079.

*Hurlburt, Tsiros, Allweil & Perez, P.C.* (by *John I. Tsiros*), for Mark Roberts.

*Zimostrad & Zimostrad, P.C.* (by *Eric W. Zimostrad*), for Fizena Vaughn.

*Thomas J. Doyle,* for Sylvia Medina.

Before: GRIFFIN, P.J., and HOOD and E. M. THOMAS,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's grant of summary disposition for defendants in this action alleging personal injury as a result of negligence. We affirm.

Defendant Fizena A. Vaughn, an unlicensed driver, was driving defendant Sylvia Medina's vehicle and following Medina, who was driving another vehicle. Medina made a left turn, and Vaughn followed Medina through the intersection, but struck a large truck. The vehicle that Vaughn had been driving became lodged underneath the truck. Plaintiff, a volunteer fire fighter and rescue worker, responded to a call regarding the accident and was injured while attempting to extricate Vaughn from her vehicle. During plaintiff's rescue attempt, Vaughn kicked her legs and knocked plaintiff to the pavement, causing plaintiff's injuries. Plaintiff brought this negligence action.

The trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(8), failure to state a claim. The basis for its decision was the application of the "fireman's rule," which the court found to preclude recovery by plaintiff. A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim to determine whether the opposing party's pleadings

---

* Circuit judge, sitting on the Court of Appeals by assignment.

allege a prima facie case. *Stehlik v Johnson (On Rehearing),* 206 Mich App 83, 85; 520 NW2d 633 (1994). The trial court must consider all well-pleaded facts in favor of the nonmoving party and should grant the motion only if the allegations fail to state a legal claim. *Id.; Radtke v Everett,* 442 Mich 368, 373-374; 501 NW2d 155 (1993).

Under the fireman's rule, a common-law doctrine, police officers and fire fighters are precluded from recovering

> for injuries created by the negligence that caused their presence on the premises in their professional capacities. The scope of this rule includes those risks inherent in fulfilling the police or fire-fighting duties. [*Stehlik, supra* at 86, citing *Kreski v Modern Wholesale Electric Supply Co,* 429 Mich 347, 372; 415 NW2d 178 (1987).]

This rule has been adopted in many jurisdictions, generally on the basis of one or more of three premises: (1) the treatment of fire fighters and police officers as licensees; (2) the assumption of risk doctrine; or (3) public policy considerations. See *Waggoner v Troutman Oil Co, Inc,* 320 Ark 56, 57-61; 894 SW2d 913 (1995), and cases cited therein.

Our Supreme Court has adopted the rule on the basis of public policy considerations. *Kreski, supra* at 370. The rationale behind the rule is that the nature of the public safety profession is such that persons working in the field are necessarily faced with dangerous situations "and the public should not be liable for damages for injuries occurring" to police officers and fire fighters while carrying out the functions of their professions. *Id.* A limitation on the fireman's rule is that the injuries must occur while the fire fighter, or other public safety officer, is performing job-related duties. *Woods v*

*City of Warren,* 439 Mich 186, 190-191; 482 NW2d 696 (1992).

The case before us presents a question of first impression in our courts: Does the fireman's rule extend to volunteer fire fighters? We conclude that it does. In adopting the fireman's rule, our Supreme Court expressly rejected the assumption of the risk rationale and determined that it was appropriate to adopt the fireman's rule on the basis of public policy:

> The policy arguments for adopting a fireman's rule stem from the nature of the service provided by fire fighters and police officers, as well as the relationship between these safety officers and the public they are employed to protect.
>
> It is beyond peradventure that the maintenance of organized society requires the presence and protection of fire fighters and police officers. The fact is that situations requiring their presence are as inevitable as anything in life can be. It is apparent that these officers are employed for the benefit of society in general, and for people involved in circumstances requiring their presence in particular. The court in *Calvert* [*v Garvey Elevators, Inc,* 236 Kan 570; 694 P2d 433 (1985),] noted that "[f]ire fighters enter on the premises to discharge their duties. Fire fighters are present upon the premises, not because of any private duty owed the occupant, but because of the duty owed to the public as a whole." *Calvert, supra,* 576.
>
> The public hires, trains, and compensates fire fighters and police officers to deal with dangerous but inevitable situations. Usually, especially with fires, negligence causes the occasion for the safety officer's presence. [*Kreski, supra* at 365-366.]

The Supreme Court also recognized that injuries suffered by public safety officers while performing their job duties are compensable through worker's

compensation; thus the costs and risks are shared by the public as a whole.

The question whether the rule applies to bar recovery in negligence actions by volunteer fire fighters has also been addressed by courts in other jurisdictions. The most recent of these decisions gave effect to the rule on public policy grounds. *Waggoner, supra.* The *Waggoner* court stated that "the rule bars the Waggoners' recovery for the very valid public policy reason that the party or parties who negligently started the fire had no legal duty to protect the firefighter from the very danger that the firefighter was employed to confront." *Waggoner, supra* at 60. That court viewed those jurisdictions using the public policy reasoning as concluding that because "the risk is one which the fireman has [sic] engaged to encounter by virtue of his employment and one which it is his duty to accept," the party whose negligence caused the fire has not breached a duty that was owed to the fireman. *Id.* at 59.

In determining whether the rule covers actions by volunteer fire fighters, the *Waggoner* court noted that there is no difference in the duty owed to a volunteer fire fighter as opposed to a salaried one. Moreover, the court recognized the statutory duty of volunteer fire fighters in Arkansas to respond to, attempt to control, and extinguish fires occurring in their districts. These facts, together with the coverage of the fire fighter under state worker's compensation laws formed a foundation for the court's conclusion.

Another "public policy" jurisdiction that has addressed the rule and applied it to volunteers is Delaware. *Carpenter v O'Day,* 562 A2d 595 (Del Super, 1988). The plaintiff in *Carpenter* was a volunteer fire fighter. The court did not make a distinction between salaried and volunteer fire

fighters, but simply recognized that "this policy [of barring recovery] is well grounded on the relationship between firemen and the public which calls on these specific public safety officers to confront certain hazards on their behalf." *Id.* at 601.

While some jurisdictions have applied the fireman's rule to volunteers on the basis of assumption of the risk, see, e.g., *June v Laris,* 205 AD2d 166; 618 NYS2d 138 (1994), and *Siligato v Hiles,* 236 NJ Super 64; 563 A2d 1172 (1989), we are persuaded that the rule should be applied to volunteer fire fighters on the basis of public policy considerations. The reasoning behind the adoption of the rule by our Supreme Court is not diminished simply because a fire fighter is a volunteer. Although not directly compensated, volunteer fire fighters receive training, access to equipment, and worker's compensation. The relationship of the public with a salaried fire fighter is no different than with a volunteer. On the basis of this reasoning, we conclude that the trial court correctly granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(8).

Plaintiff raised two claims under MCL 257.401 *et seq.;* MSA 9.2101 *et seq.,* which provides for the liability of owners and operators of motor vehicles. Plaintiff first argues that his injuries were caused by Vaughn's negligent operation of Medina's vehicle. Plaintiff cites no authority in support of this position. We "will not search for authority to sustain or reject a party's position." *Isagholian v Transamerica Ins Corp,* 208 Mich App 9, 14; 527 NW2d 13 (1994).

Plaintiff's second claim under the statute was brought against Medina on the basis of negligent entrustment. Although the trial court did not address this issue below, because plaintiff raised it below and pursued it on appeal we will not punish

him for the lower court's failure to independently address and decide the issue by refusing to consider it. *Peterman v Dep't of Natural Resources,* 446 Mich 177, 182-183; 521 NW2d 499 (1994). The act provides in relevant part:

> The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of the motor vehicle whether the negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in the operation of the motor vehicle as the rules of the common law requires [sic]. [MCL 257.401(1); MSA 9.2101(1).]

"The theory of negligent entrustment imposes liability on one who supplies a chattel for the use of another whom the supplier knows or has reason to know is, because of youth, inexperience, or otherwise, likely to use it in a manner involving unreasonable risk of physical harm." *Eason v Coggins Memorial Christian Methodist Episcopal Church,* 210 Mich App 261, 265; 532 NW2d 882 (1995). A claim for negligent entrustment may be based on the use of a motor vehicle. *Perin v Peuler (On Rehearing),* 373 Mich 531; 130 NW2d 4 (1964). However, because plaintiff's claim asserts that he was injured as a consequence of the conduct that required plaintiff's presence at the scene, application of the fireman's rule is appropriate. Therefore, summary disposition properly would have been granted for defendants with regard to this claim.

Finally, plaintiff argues that Medina was negligent in not ensuring that when she made the left turn there was enough room for Vaughn to follow her through the intersection. Plaintiff's failure to cite authority in support of this argument precludes our review of the issue. *Isagholian, supra.* We do note that it appears reasonable that each driver of an automobile has a duty to drive in a

safe and prudent manner and that this duty cannot be shifted to the driver of another vehicle.[1]

Affirmed.

---

[1] In addition, we note that there is absolutely no causal connection between the alleged negligent operation of the motor vehicle and plaintiff's injuries. See *Derbeck v Ward,* 178 Mich App 38, 46; 443 NW2d 812 (1989).