# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH BENNETT and MARSHA
CHRISTINE WILSON,

       Plaintiffs-Appellants,

and

AMERICAN ANESTHESIA ASSOCIATES LLC,

       Intervening Plaintiff,

v

CARRIE RUSSELL, LIBERTY MUTUAL
INSURANCE COMPANY, ENTERPRISE
LEASING COMPANY OF DETROIT, also
known as ENTERPRISE RENT-A-CAR,

       Defendants,

and

DENNIS HOGGE,

       Defendant-Appellee.

FOR PUBLICATION
January 16, 2018
9:10 a.m.

No. 334859
Wayne Circuit Court
LC No. 14-013716-NI

Before: TALBOT, C.J., and MURRAY and O'BRIEN, JJ.

TALBOT, C.J.

       Plaintiffs Deborah Bennett and Marsha Christine Wilson initiated this action following a motor vehicle accident that occurred on November 16, 2013. The trial court granted summary disposition in favor of defendant Dennis Hogge under MCR 2.116(C)(10). Plaintiffs appeal by right. We conclude that the trial court erred by dismissing plaintiffs' claim against Hogge because liability under a negligent entrustment theory is not limited to the owner of the vehicle negligently operated. We therefore reverse the trial court's order granting Hogge's motion for summary disposition and remand this matter to the trial court for further proceedings.

## I. BACKGROUND

At approximately 8:30 a.m. on November 16, 2013, plaintiffs were stopped at a traffic light at the intersection of Chalmers and Vernor in the city of Detroit when their vehicle was struck by a white Chrysler 300 attempting to turn onto Chalmers. According to the traffic crash report, the Chrysler 300 was driven by defendant Carrie Russell. During the course of discovery, plaintiffs learned that Russell was not involved in the accident and that the actual driver, Latasha Phillips, had falsely identified herself as Russell when she spoke with the police. Moreover, the Chrysler 300 was owned by Enterprise Leasing Company of Detroit (Enterprise) and leased to Hogge at the time of the accident. Shortly after acquiring the vehicle from Enterprise, Hogge turned it over to Latasha.[1] Plaintiffs amended their complaint to add Enterprise and Hogge as defendants to their negligence claim, averring that they were liable for injuries plaintiffs sustained in the accident under the owner's liability statute, MCL 257.401.

Hogge moved for summary disposition, arguing that he could not be held liable for Latasha's negligence because he was not an "owner" of the rental vehicle, as that term is defined in the Michigan Vehicle Code, MCL 257.1 *et seq*. In pertinent part, plaintiffs asserted that questions of fact remained as to whether Hogge negligently entrusted the vehicle to Latasha. During oral argument, plaintiffs' counsel essentially conceded that plaintiffs' complaint did not allege a negligent entrustment cause of action against Hogge, but maintained that there was ample evidence to support that theory and concluded that "the pleadings should conform to the proofs . . . ." The trial court found that Hogge did not meet the statutory definition of an owner set forth in MCL 257.37 and granted summary disposition in Hogge's favor, reasoning that his lack of ownership was fatal to plaintiffs' claim under the owner's liability statute or a negligent entrustment theory.

On appeal, plaintiffs argue that the trial court erred by granting Hogge's motion for summary disposition because the common-law tort of negligent entrustment imposes liability on one who negligently *supplies* a chattel to another and, as such, whether Hogge met the statutory definition of an owner was not dispositive.

## II. STANDARD OF REVIEW

This Court generally reviews a trial court's rulings on summary disposition motions de novo.[2] A trial court deciding a motion for summary disposition under MCR 2.116(C)(10) considers "the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . ."[3] "Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine

---

[1] Hogge knew Latasha as "Latasha Dawson." However, Russell recognized the surname Dawson as belonging to the father of Latasha's children and stated that "Latasha Dawson" was actually Latasha Phillips.

[2] *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013).

[3] *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012).

issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ."[4]

However, when a party presses a claim of error that was not raised in, and addressed and decided by, the trial court, it is not properly preserved for appellate review.[5] Although plaintiffs asserted before the trial court that Hogge's lack of ownership was irrelevant, the basis of their argument was that Hogge's insurance policy provided liability coverage for the rented vehicle. Accordingly, this issue is unpreserved and this Court's review is limited to plain error affecting substantial rights.[6] "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights."[7]

## III. ANALYSIS

The common-law tort of negligent entrustment "imposes liability on one who supplies a chattel for the use of another whom the supplier knows or has reason to know is, because of youth, inexperience, or otherwise, likely to use it in a manner involving unreasonable risk of physical harm."[8] A negligent entrustment claim can arise from the use of a motor vehicle, as long as the action falls within the scope of the residual liability allowed by the no-fault statutory scheme.[9] In this context, courts have sometimes referred to the liability of an "owner" of the vehicle. For instance, in *Perin v Peuler (On Rehearing)*, the Supreme Court explained that the plaintiff in a negligent entrustment action has the burden of proving

> that the motor vehicle was driven with the permission and authority of the *owner*;
> that the entrustee was in fact an incompetent driver; and that the *owner* knew at
> the time of the entrustment that the entrustee was incompetent or unqualified to

---

[4] *Gorman*, 302 Mich App at 116, quoting *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

[5] *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005).

[6] *In re Smith Trust*, 274 Mich App 283, 285; 731 NW2d 810 (2007), aff'd 480 Mich 19 (2008).

[7] *Id*. at 285-286 (quotation marks and citation omitted).

[8] *Eason v Coggins Mem Christian Methodist Episcopal Church*, 210 Mich App 261, 265; 532 NW2d 882 (1995).

[9] *Travelers Ins v U-Haul of Mich, Inc*, 235 Mich App 273, 288-289; 597 NW2d 235 (1999). See also *Roberts v Vaughn*, 214 Mich App 625, 631; 543 NW2d 79 (1996) ("A claim for negligent entrustment may be based on the use of a motor vehicle."), rev'd on other grounds 459 Mich 282 (1998).

operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the *owner* of such incompetency.[10]

This passage from *Perin* has since been quoted in other cases[11] and, indeed, plaintiffs themselves relied on the above in opposing Hogge's motion for summary disposition in the lower court.

However, a full reading of *Perin* makes it clear that the tort of negligent entrustment imposes liability on the basis of the defendant's negligence in permitting the use of a chattel by a person who is likely to handle it in a manner that will cause harm to others.[12] Thus, as noted in *Perin*, liability can arise regardless of "whether the entrusting person is [the] 'owner' of the entrusted chattel or not."[13] In other words, it is the defendant's identity as the supplier of the chattel, rather than as its owner, that is central to a negligent entrustment theory. Accordingly, while we are reluctant to fault the trial court for relying on plaintiffs' misleading statement of law, we must conclude that the trial court's decision to summarily dismiss plaintiffs' claim based solely on Hogge's lack of ownership constituted plain error.

Hogge testified that he rented the Chrysler 300 from Enterprise's Lucas Street location near the airport on November 16, 2013. The rental agreement indicated that the transaction took place at 7:24 a.m., and Hogge agreed that the time sounded accurate. Hogge drove to his Taylor home, where he gave the keys to Latasha. Hogge stated that he believed Latasha was going to return the vehicle to Enterprise by the end of the following day. Thus, it is evident and undisputed that Hogge supplied the Chrysler 300 to Latasha. However, the parties disagree on appeal as to whether the evidence demonstrated that Hogge knew or should have known that Latasha would be likely to operate the rented vehicle in an unsafe manner. Plaintiffs argue that it can be inferred from the timeline of events that Hogge rented the Chrysler 300 specifically for Latasha's use. Plaintiffs further contend that Hogge's failure to include Latasha as an additional driver in the rental agreement under these circumstances suggests that he knew she was an unfit driver.

Plaintiffs presented evidence suggesting that Latasha did not have a valid driver's license and may have been intoxicated at the time of the accident. The accident occurred approximately one hour after Hogge rented the vehicle from Enterprise, which supports plaintiffs' contention that Hogge entrusted the vehicle to Latasha almost immediately after he rented it and before he could make any significant use of it himself. Hogge understood that he was the only person who was supposed to drive the vehicle under the terms of the rental agreement and he testified that he only allowed Latasha to drive it because she needed to get home and he was felling poorly.

---

[10] *Perin v Peuler (On Rehearing)*, 373 Mich 531, 538-539; 130 NW2d 4 (1964) (emphasis added) (citation omitted), overruled on other grounds by *McDougall v Schanz*, 461 Mich 15 (1999).

[11] See, e.g., *Hendershott v Rhein*, 61 Mich App 83, 89; 232 NW2d 312 (1975).

[12] *Perin (On Rehearing)*, 373 Mich at 536-537.

[13] *Id*.

However, Hogge's assertions were contradicted by other evidence. Hogge had known Latasha for several months before the accident and, according to Russell, Latasha bragged that Hogge rented the vehicle for her. Russell also recalled that when Latasha informed Hogge about the accident and assured him that the vehicle was not totaled, he said, "[W]ell, drive it, baby." Hogge's response suggests that he was neither surprised nor concerned that Latasha did not use the vehicle solely to return home. Viewing the evidence in the light most favorable to plaintiffs, the circumstances were such that reasonable minds could differ as to whether Hogge knew or should have known that Latasha was not licensed or fit to drive. Moreover, given the brief time frame in which the relevant events occurred and Russell's observation that Latasha was visibly intoxicated by 8:00 a.m.—almost immediately after Latasha acquired the vehicle from Hogge—a fact-finder could also infer that Hogge knew Latasha had been drinking and that she was therefore unfit to safely operate a vehicle at the time. Accordingly, Hogge was not entitled to judgment as a matter of law with respect to a negligent entrustment cause of action.

That being said, we recognize that plaintiffs' first amended complaint alleges a single count of negligence against Hogge, which is unambiguously premised on the statutory liability of an owner under MCL 257.401. During oral argument, plaintiffs' counsel seemingly acknowledged the deficiency in plaintiffs' pleadings before saying: "[T]he pleadings should conform to the proofs . . . and the negligent entrustment theory does not prejudice Mr. Hogge . . . in any way. The, the [sic] facts have been discovered." To the extent that this statement is construed as a request for leave to amend plaintiffs' complaint, the trial court implicitly denied the request when it concluded that Hogge's lack of ownership was fatal to plaintiffs' claim as pleaded in their complaint and under a negligent entrustment theory.

When a summary disposition motion is brought under MCR 2.116(C)(10), "the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified."[14] The court rules further provide that leave to amend should be "freely granted when justice so requires,"[15] and this Court has explained that leave to amend is "generally a matter of right rather than of grace."[16] Thus, leave to amend "should ordinarily be denied only for particularized reasons such as undue delay, bad faith or dilatory motive, repeated failures to cure by amendments previously allowed, or futility."[17] Here, because the trial court's decision to grant Hogge's motion was based on a mistake of law, it is unclear whether the court would have otherwise granted plaintiffs leave to further amend their complaint. Moreover, because plaintiffs' oral request to amend their complaint was not a proper motion to amend, filed in compliance with MCR 2.118, Hogge did not have a full opportunity to present his arguments in opposition to the proposed amendment. Accordingly, whether plaintiffs should be allowed to further amend their complaint is a matter best left to the discretion of the trial court on remand.

---

[14] MCR 2.116(I)(5).

[15] MCR 2.118(A)(2).

[16] *In re Kostin*, 278 Mich App 47, 52; 748 NW2d 583 (2008).

[17] *Id*.

## IV. CONCLUSION

For the reasons stated, we reverse the trial court's order granting summary disposition in Hogge's favor and remand this matter to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien