*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BETTY UPCHURCH,

　　　　　　　Plaintiff-Appellant,

v

TITAN INSURANCE COMPANY,

　　　　　　　Defendant-Appellee.

UNPUBLISHED
January 14, 2020

No.　346577
Wayne Circuit Court
LC No.　18-001681-NF

Before:　K. F. KELLY, P.J., and BORRELLO and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting defendant's motion for summary disposition.　We affirm.

## I.　BASIC FACTS

On February 13, 2018, plaintiff filed an action against defendant Titan Insurance Company seeking first-party no-fault benefits.　Specifically, plaintiff alleged that she suffered injury in a November 12, 2015 accident, and defendant failed to pay benefits.　On July 23, 2018, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10), asserting that the insurance policy was rescinded and declared void ab initio on January 5, 2016.　Defendant claimed that the policy was rescinded because plaintiff failed to disclose the vehicle garaging address as well as her shared residence with her adult son and adopted children on the insurance application.　Defendant alleged that those disclosures would have resulted in a premium increase of $1,297.　It also contended that plaintiff's material misrepresentations on the application for insurance rendered the policy void and plaintiff ineligible for payment of benefits.　With the dispositive motion, defendant submitted plaintiff's deposition testimony, an affidavit from an underwriter regarding the increase in the insurance premium, plaintiff's application for insurance, and letters to plaintiff addressing rescission of the policy and the denial of plaintiff's claim.　The notice of hearing accompanying the motion for summary disposition scheduled the hearing for October 11, 2018.

On July 24, 2018, the trial court issued a summary disposition scheduling order which advised it contained time periods that deviated from the Michigan Court Rules.　The court

-1-

scheduled oral argument for September 20, 2018.[1]  The scheduling order further provided that the response to defendant's dispositive motion was due on August 31, 2018.  It also advised that: "Failure to file a **TIMELY** response may be considered consent to the relief requested."

On September 13, 2018, plaintiff filed a response to defendant's motion for summary disposition.  Plaintiff alleged that she did not commit fraud or misrepresentation in her insurance application because she advised the insurance agent that she was in the process of moving to a new residence.  Further, she asserted that defendant's application was vague and ambiguous because it requested a mailing address as opposed to a "garaging" address.   The response was filed nearly two weeks after the deadline delineated in the trial court's scheduling order, and leave of the court was not sought to file an untimely response.

On September 14, 2018, the trial court issued an order that waived oral argument and granted summary disposition in favor of defendant, providing in relevant part:

> IT IS HEREBY ORDERED that Defendant's motion is GRANTED.  The Court issued a Summary Disposition Scheduling Order on July 24, 2018 which stated that the brief in response to Defendant's motion was due on August 31, 2018.  No response brief has been filed nor an extension requested.  Therefore the Court finds that Plaintiff consents to the relief requested in Defendant's motion.

On October 5, 2018, plaintiff filed a motion for reconsideration.  Plaintiff explained that a "clerical oversight" caused plaintiff's response brief to be untimely filed.  Specifically, it was alleged that unnamed "previously assigned counsel" was "relieved of her duties with the firm and escorted off of the premises by law enforcement."  Therefore, newly assigned counsel took over the file and did not have notice of the scheduling order due date because of "clerical oversight."   Therefore, the attorney filed the response brief in accordance with the period prescribed by the court rules, albeit contrary to the court's scheduling order.  Plaintiff requested that the trial court set aside the order granting summary disposition.

On November 8, 2018, the trial court entered an order denying plaintiff's motion for reconsideration, explaining in relevant part:

> The Court's summary disposition scheduling order was entered on July 24, 2018 stating that the response to the pending summary disposition motion was to be filed no later than August 31, 2018.  The order also stated that the failure to file a timely response "may be considered as consent to the relief requested." The Court had not received a response to the motion by August 31, 2018, nevertheless, the Court did not immediately grant the motion and instead waited nearly two weeks before issuing its order granting the motion.  Plaintiff's response to the

---

[1] Generally, a written motion filed pursuant to MCR 2.116 must be filed and served at least 21 days before the time set for the hearing, and the response to the motion must be filed and served at least seven days before the hearing.  MCR 2.116(G)(1)(a)(*i*), (*ii*).  However, the court rules expressly provide that the trial court may set a different period.  MCR 2.116(G)(1)(a).

pending summary disposition motion was filed on September 13, 2018, the same date on which the order granting Defendant's motion was submitted to the efiling system (the order was entered the next day). When the Court's order granting Defendant's motion was submitted, it was apparent to the Court that the motion was unopposed. Furthermore, upon a party's failure to comply with a court order, the Court may sua sponte, dismiss the noncomplying party's action. MCR 2.504(B)(l). See also *Marquette v Village of Fowlerville*, 114 Mich App 92 (1982).

Following this ruling, plaintiff appealed.

## II. ANALYSIS

Plaintiff submits that the trial court's order granting defendant summary disposition is defective on its face because it concluded that plaintiff did not file a response to the dispositive motion when a response was filed in accordance with the time frames set forth within the court rules, but "late" according to the court's scheduling order. Therefore, she contends that the order granting summary disposition must be set aside because she did not consent to defendant's relief by failing to file a response. We disagree.

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Bennett v Russell*, 322 Mich App 638, 642; 913 NW2d 364 (2018). Summary disposition is appropriate pursuant to MCR 2.116(C)(10) where there is "no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC V Galui Constr, Inc*, 295 Mich app 684, 693; 818 NW2d 410 (2012). Once this burden is satisfied, the nonmoving party must demonstrate that a genuine issue of disputed fact exists for trial. *Id*. We review the trial court's decision on a motion for reconsideration for an abuse of discretion. *St John Macomb Oakland Hosp v State Farm Mut Auto Ins Co*, 318 Mich App 256, 261; 896 NW2d 85 (2016). The trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id*.

The court rules grant the trial court the authority to issue a scheduling order if "such an order would facilitate the progress of the case." MCR 2.401(B)(2)(a). Additionally, the trial court has the authority to schedule a summary disposition hearing and the dates for filing briefs to a time frame that differs from the standard period set forth in the court rules. MCR 2.116(G)(1)(a). The trial court has the discretion to decline to entertain pleadings filed beyond the stated deadline. See *Flanagin v Kalkaska Rd Comm*, 319 Mich App 633, 640; 904 NW2d 427 (2017); *Kemerko Clawson LLC v RxIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). This discretion "promotes the efficient management of the trial court's docket," and an alternate construction would "severely curtail the trial court's ability to manage its docket through the use of scheduling orders." *Kemerko Clawson LLC*, 269 Mich App at 350-351.

In the present case, the trial court issued a summary disposition scheduling order that directed plaintiff to file a response by August 31, 2018, but plaintiff failed to do so. Nonetheless, plaintiff contends that the trial court issued an order on September 14, 2018 granting summary

disposition premised on the erroneous conclusion that she consented to defendant's motion by failing to file a response when the record reflects that she filed a response on September 13, 2018. Plaintiff's position ignores the trial court's order denying her motion for reconsideration. In that order, the trial court expressly clarified that it did not receive a response to the dispositive motion in accordance with the scheduling order deadlines, but nonetheless delayed a decision on the motion for two weeks. At the time the court submitted its decision to the efiling system *on September 13, 2018*, plaintiff still had not filed an answer to the motion,[2] and the order was released the next day on September 14, 2018. The efiling delay in release of the trial court's decision did not alter the fact that plaintiff did not comply with the trial court's summary disposition scheduling order and did not seek leave to file a delayed response to the motion. Further, at the time the trial court ruled, it had not received plaintiff's response. In light of the factual record as explained by the trial court, we cannot conclude that the trial court abused its discretion by granting defendant's motion for summary disposition for failing to adhere to the scheduling order; an order, which in turn, characterized the failure to respond as consent to the moving party's requested relief. *Kemerko Clawson LLC*, 269 Mich App at 349.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Deborah A. Servitto

---

[2] Indeed, the clerk's office timestamp on plaintiff's response to the motion for summary disposition indicates that it was filed at 4:32 p.m. on September 13, 2018.