*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH BENNETT and MARSHA
CHRISTINE WILSON,

        Plaintiffs-Appellants,

and

AMERICAN ANESTHESIA ASSOCIATES,
LLC., and NORTHLAND RADIOLODY INC.,

        Intervenors-Plaintiffs,

v

CARRIE RUSSELL, also known as LATASHA
DAWSON, also known as LATASHA PHILLIPS,
LIBERTY MUTUAL INSURANCE
COMPANY and ENTERPRISE LEASING
COMPANY of DETROIT, doing business as
ENTERPRISE RENT-A-CAR,

        Defendants,

and

DENNIS HOGGE,

        Defendant-Appellee.

UNPUBLISHED
March 17, 2020

No. 346198
Wayne Circuit Court
LC No. 14-013716-NI

Before: STEPHENS, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

-1-

Plaintiffs appeal as of right an order granting summary disposition in favor of defendant, Dennis Hogge, in this case alleging negligent entrustment of a motor vehicle. We reverse.

This case returns to this Court for a second time. As explained in our previous opinion, on November 16, 2013, plaintiffs were stopped at a traffic light when their vehicle was struck by a vehicle being driven by Latasha Phillips. *Bennett v Russell*, 322 Mich App 638, 640; 913 NW2d 364 (2018). However, Latasha told the police that her name was Carrie Russell, which is the name the officer used for the traffic crash report. *Id*. The vehicle that Latasha was driving was owned by Enterprise Leasing Company of Detroit, but had been rented by defendant Hogge and he let Latasha drive the vehicle. *Id*. at 641.

Subsequently, plaintiffs brought a negligence claim under the owner's liability statute, MCL 257.401, and Hogge was named as one of the defendants. *Id*. Hogge moved to dismiss on the ground that he did not own the vehicle so he could not be liable for Latasha's negligence. *Id*. Plaintiffs argued that questions of fact existed as to whether Hogge negligently entrusted the vehicle to Latasha. *Id*. The trial court held that Hogge could not be liable under the owner's liability statute or under a negligent-entrustment theory because he did not own the vehicle Latasha was driving. *Id*. On appeal this Court reversed, holding that Hogge could be liable under a negligent-entrustment theory regardless of whether he owned the vehicle if he was negligent in permitting the use of the vehicle by a person likely to handle it in a way that would cause harm to other persons. *Id*. at 644. However, because plaintiffs' first amended complaint did not include a claim of negligent entrustment and plaintiffs request to amend their complaint was made orally at the motion hearing, this Court concluded that it was for the trial court to determine on remand whether plaintiffs should be allowed to amend their complaint. *Id*. at 646-647.

On remand, by order entered March 29, 2018, the trial court reinstated the case and permitted plaintiffs to file their second amended complaint. In the caption of their second amended complaint, plaintiffs set forth the defendants as: "Carrie Russell a/k/a Latasha Dawson a/k/a Latasha Phillips and, Dennis Hogge." Throughout their complaint, plaintiffs referred to "Carrie Russell" as the driver of the vehicle that struck plaintiffs' vehicle.

In response to plaintiffs' second amended complaint, defendant Hogge filed a motion for summary disposition under MCR 2.116(C)(10), arguing that "Carrie Russell" is not Latasha Dawson or Latasha Phillips, and Carrie Russell was not the driver of the vehicle involved in this accident; thus, he could not be liable under a negligent-entrustment theory. In support of his motion, Hogge relied on this Court's opinion, as well as his own deposition testimony and the deposition testimony of Carrie Russell. In response to Hogge's motion for summary disposition, plaintiffs agreed that Carrie Russell was not driving the vehicle, but argued that the driver of the vehicle gave the alias "Carrie Russell" to the police and that person is "the same person [ ] Hogge knew as Latasha Dawson/Latasha Phillips." Thus, plaintiffs argued, their complaint properly "identifies 'Carrie Russell a/k/a Latasha Dawson a/k/a Latasha Phillips' as the individual driving the vehicle at the time of the collision."

On October 5, 2018, the trial court held a hearing on defendant Hogge's motion for summary disposition and the parties argued consistent with their briefs. Defendant Hogge argued that he did not entrust the rented vehicle to "Carrie Russell" and plaintiffs argued that Hogge entrusted the rented vehicle to "a person who identified themselves as Carrie Russell, also Latasha

-2-

Dawson and was identified as Latasha Phillips." In other words, the person to whom Hogge entrusted the vehicle was Latasha Phillips but she had used the name "Carrie Russell" to identify herself to police. The trial court asked plaintiffs' counsel if there was "any testimony in the record that Carrie Russell used the names of Latasha," and plaintiffs' counsel admitted that there was not but Latasha told the police officer that her name was Carrie Russell. The trial court then granted Hogge's motion for summary disposition, holding that there was no issue of material fact that Hogge entrusted the vehicle at issue to a nonparty—not to the person named in the complaint, i.e., not to Carrie Russell. Thereafter, an order was entered granting summary disposition in favor of Hogge under MCR 2.116(C)(10). This appeal followed.

Plaintiffs argue that the trial court erred in dismissing this case after holding that they failed to properly identify the individual who caused the motor vehicle accident. We agree.

We review de novo a trial court's decision to grant a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*.

As discussed above, in the caption of their second amended complaint plaintiffs set forth the defendants as: "Carrie Russell a/k/a Latasha Dawson a/k/a Latasha Phillips and, Dennis Hogge." Throughout their complaint, plaintiffs referred to "Carrie Russell" as the driver of the vehicle that struck plaintiffs' vehicle. But it is undisputed that "Carrie Russell" was not the driver of the vehicle involved in the collision at issue. Plaintiffs and defendant Hogge agree that Latasha was the driver of the vehicle involved in the collision. Clearly, plaintiffs' counsel failed to understand the point that Hogge and the trial court were making—Carrie Russell was *not* also known as Latasha Dawson and Carrie Russell was *not* also known as Latasha Phillips. Rather, Latasha Dawson was also known as Latasha Phillips and she falsely told the police officer at the scene of the accident that she was Carrie Russell but she is not, in fact, Carrie Russell. Latasha is not actually *known as* Carrie Russell. Thus, plaintiffs' naming of "Carrie Russell a/k/a Latasha Dawson a/k/a Latasha Phillips" as a defendant was technically incorrect and resulted from an obvious misunderstanding of the use of the a/k/a designation.

Despite plaintiffs' naming mistake, it is clear that defendant Hogge was not misled by the misnomer. That is, Hogge knew to whom plaintiffs were referring when they alleged that he negligently entrusted his rented vehicle to this person. Hogge testified in his deposition that he gave the keys to that rented vehicle to his friend Latasha Dawson and Latasha had later called to tell him that she had been in an accident with the same vehicle. Moreover, in this Court's previous opinion, we noted the following: "During the course of discovery, plaintiffs learned that Russell was not involved in the accident and that the actual driver, nonparty Latasha Phillips, had falsely identified herself as Russell when she spoke with the police." *Bennett*, 322 Mich App at 640-641. Thus, plaintiffs' mistaken use of the a/k/a designation in their second amended complaint that was filed after our opinion was issued should have been plainly apparent to the trial court and amended accordingly.

MCL 600.2301 provides:

The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

In this case, the trial court should have recognized that plaintiffs' counsel inadvertently misused the a/k/a designation in plaintiffs' second amended complaint, that defendant Hogge was not misled in any manner by the misnomer and that, for the furtherance of justice, the complaint had to be amended as permitted under MCL 600.2301. Just as discussed in *Wells v Detroit News, Inc*, 360 Mich 634, 639-640; 104 NW2d 767 (1960) (citation omitted), this was not a case of mistaken identity; rather, it was simply a misnomer of a party defendant. The identity of the driver to whom it was alleged Hogge negligently entrusted the rented vehicle was known to Hogge, plaintiffs, the trial court, and even this Court. The obvious grammatical mistake of plaintiffs' counsel should not have resulted in the summary dismissal of plaintiffs' cause of action and further delayed the resolution of this matter arising from a 2013 motor vehicle accident. It is well established that the law favors the determination of a claim on the basis of its merits. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999). And as the *Wells* Court noted, "[w]e have no doubt that [the] 'furtherance of justice' [statutory language] suggests disposition of this suit by hearing on the merits." *Wells*, 360 Mich at 639. Accordingly, the trial court should have ordered plaintiffs to amend their second amended complaint to correct the name of Hogge's codefendant—not ordered the dismissal of plaintiffs' case in its entirety under MCR 2.116(C)(10) because of the inconsequential mistake.[1]

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

---

[1] We further note that, when a motion for summary disposition is brought under MCR 2.116(C)(10), MCR 2.116(I)(5) provides that the trial court shall generally give a party the opportunity to amend a pleading as provided by MCR 2.118 unless amendment would not be justified.