*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JILL CAPPELL,

Plaintiff-Appellant,

v

WILLOW CREEK GOLF DOME, INC., doing
business as WILLOW CREEK GOLF & SPORTS
CENTER,

Defendant-Appellee,

and

SPORTS MOUNTAIN ENTERTAINMENT
CENTER, LLC, doing business as WILLOW
CREEK GOLF & SPORTS CENTER, and ORION
COMMONS, LLC, doing business as WILLOW
CREEK GOLF & SPORTS CENTER,

Defendants.

UNPUBLISHED
April 2, 2020

No. 345812
Oakland Circuit Court
LC No. 2017-158674-NO

Before: TUKEL, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

In this premises-liability action, plaintiff appeals as of right the trial court's order granting summary disposition to defendant, Willow Creek Golf Dome, Inc. Although there were several other defendants, this appeal concerns only Willow Creek. Because there is no genuine issue of material fact that the step on which plaintiff fell was an open and obvious danger, we affirm.

## I. BACKGROUND

On July 4, 2014, plaintiff and her husband planned to play miniature golf at Willow Creek before they drove around the local lakes to watch fireworks. Plaintiff testified that she and her

husband arrived at the golf course between 6:00 and 6:30 p.m. After picking up their putters, golf balls, and scorecards, plaintiff and her husband proceeded to the first hole.

By the time plaintiff arrived at the third hole, it was between 6:30 and 7:00 p.m., according to plaintiff. Plaintiff testified that it was "going into dusk" and that the area surrounding them was heavily wooded. At the third hole, when plaintiff hit the golf ball, there was a spot "where it drops down to the second level." After they hit their golf balls toward the third hole, plaintiff's husband walked down the green of the golf course, but plaintiff walked down the stairs next to the green. A handrail was located on the right side of the stairs, but not the left side.

Plaintiff testified that, while walking toward the stairs, it was "impossible" for her to see the first step because "it looked like a long landing" and there was no "strip" of black tape on the top stair like there was on the subsequent stairs. Plaintiff "walked right off" what she perceived to be the landing onto the top step, which she did not see, and fell. Plaintiff broke one of her wrists and "crushed" the other wrist. Plaintiff also suffered a concussion.

Alyssa McGuire, one of defendant's employees, testified that it was not a dangerous miniature-golf course "by any means," and she did not give patrons warnings before they began playing. When showed a picture of the step that plaintiff missed, McGuire stated, "I think in the picture it looks like an optical illusion. I think in real life it wouldn't." McGuire was unaware of anyone else falling at the golf course, and doubted that it was dark outside when plaintiff fell because employees always closed the golf course at sunset.

Ian Grzesik, another of defendant's employees, testified that the golf course did not have lighting because it was not open for business when it was "so dark that it would need light." When asked why the top step on the stairs at the third hole did not have a strip of black tape, Grzesik responded, "I don't know. I've walked up and down those steps a thousand times and never felt the need to have that—that they should ever have installed one there." Based on the photograph he was shown of the step, Grzesik testified, "[i]t could be dangerous, but I think it's maybe just the angle of this photo is taken so you can't see that fully." Grzesik was also unaware of anyone else falling at the golf course.

Plaintiff filed a motion for summary disposition, and defendant filed a response and a countermotion for summary disposition. In support of its motion, defendant provided a copy of the local-weather report for the date of plaintiff's fall, which indicated that the sun did not set until 9:14 p.m.

At a hearing held on the parties' crossmotions, the trial court noted that while a hand rail did not exist on the left side of the stairs, one did exist on the right side. The trial court also discussed how dark it was outside at the time when plaintiff fell, given defendant's evidence regarding the time of sunset. Defendant also pointed out that plaintiff was admitted to the emergency care at 6:11 p.m., calling in to question plaintiff's timeline. When the trial court pointed out that 6:00 p.m. in July was not dusk and that the sun was not setting at that time, counsel for plaintiff pointed out that this particular golf course was near the woods, but he ultimately responded, "correct."

The trial court noted the testimony from defendant's employees that while they could not tell from plaintiff's photograph that a step was present, they both were able to see the step when they viewed the location in person. Plaintiff asserted that the steps were unusually dangerous because it was dark near the wooded area adjacent to the third hole. Defendant responded that the case law was clear that steps were generally open and obvious, and that the steps in question were ordinary steps and were not an exception to the rule. The trial court held that the undisputed evidence established that the step in question was an "open and obvious condition that was not unreasonably dangerous." The trial court further held that uncontroverted evidence established that it was "still light out at the time of the fall, that there was a railing on the right side of the steps," and that the step in question was visible. The trial court granted defendant's motion for summary disposition and denied plaintiff's motion. This appeal followed.

## II. ANALYSIS

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Bennett v Russell*, 322 Mich App 638, 642; 913 NW2d 364 (2018). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. The motion may only be granted when there is no genuine issue of material fact. *Id*. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. *Id*.

The moving party bears the initial burden of supporting its motion with affidavits, depositions, admissions or other documentary evidence. *Sprague v Farmers Ins Exch*, 251 Mich App 260, 264; 650 NW2d 374 (2002). The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. *Id*. When the burden of proof at trial on a disputed issue rests on the nonmoving party, she may not rely on mere allegations or denials, but must go beyond the pleadings to set forth specific facts demonstrating a triable issue of fact. *Id*. "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id*. (cleaned up).

Plaintiff claims that defendant was negligent in caring for the steps on its property and failed to warn invitees of the danger posed by the step, causing plaintiff's injury. "In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (cleaned up).

"In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001), citing *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995). Yet, the duty to exercise reasonable care to protect an invitee does not extend to dangers on a premises that are open and obvious. "A condition is open and obvious when an average person of ordinary intelligence would discover the danger and risk it presented on casual inspection." *Buhl v Oak Park*, __ Mich App __, __; __ NW2d __ (2019) (Docket No. 340359); slip op at 18 (cleaned up). Further, "[t]his is an objective

test." *Id.* In *Lugo*, our Supreme Court held that, when a danger is known to an invitee or is "so obvious that the invitee might reasonably be expected to discover [it], an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Lugo*, 464 Mich at 516, quoting *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992).

Further, in *Lugo*, our Supreme Court noted the holding in *Bertrand*:

[B]ecause steps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he is going, will observe the steps, and will take appropriate care for his own safety. Under ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary steps foolproof. Therefore, the risk of harm is not unreasonable. [*Lugo*, 464 Mich at 522, quoting *Bertrand*, 449 Mich at 616-617 (quotation marks omitted).]

Nevertheless, plaintiff argues that while the step itself may have been open and obvious, the danger presented by the step was not open and obvious. Plaintiff relies on *Blackwell v Franchi*, 318 Mich App 573; 899 NW2d 415 (2017), for the assertion that "elevation changes" are not always open and obvious.

In *Blackwell*, the plaintiff was visiting a friend's home when she walked into the mudroom, which was unlit, and fell when she unexpectedly stepped off an 8-inch drop. *Id.* at 574. Several other individuals who were present at the defendant's home that evening testified that it was dark in the mudroom and they could not notice the drop off, but they offered conflicting testimony regarding whether the light in the hallway adjacent to the mudroom was on. *Id.* at 577-578. This Court reversed the trial court's decision granting the defendant's motion for summary disposition, concluding that a genuine issue of material fact existed, based on witness testimony regarding the 8-inch drop and whether the plaintiff would have been able to notice the drop off upon casual inspection. *Id.* at 579.

Plaintiff argues that the present case is similar to *Blackwell* because, as in that case, "the drop off was not easily seen, even with sufficient lighting." But *Blackwell* is distinguishable from the present case. In *Blackwell*, the step off which the plaintiff fell was located in a completely dark, unlit room. There was a question of fact not only where the stairs began, but even on the very existence of stairs. Here, although plaintiff argued that the steps were near the woods and it was dusk at the time she fell—and therefore too dark outside to notice the step—her fall took place in early evening in July in Michigan, and witnesses denied that it was dark outside at that time. Moreover, McGuire and Grzesik both testified that there were no lights at the golf course because the business did not stay open late enough to require lights. Although plaintiff testified that it was almost dusk when she fell, counsel for plaintiff conceded at the motion hearing that it was not yet dusk outside when plaintiff fell. There is no question that the existence of stairs was quite obvious, so an average person of ordinary intelligence would have been alerted to the stairs as well as the need to determine where the first step was located.

*Bertrand* is applicable here. One of the consolidated cases considered in *Bertrand* dealt with a factually similar issue. In that case, the plaintiff tripped over an unmarked cement step at a public park. *Bertrand*, 449 Mich at 618. The plaintiff claimed that she tripped over the step because she "didn't see it." *Id*. at 619. Our Supreme Court held that, viewing the facts in the light most favorable to the plaintiff, there was no genuine issue of material fact because the plaintiff's "only asserted basis for finding that the step was dangerous was that she did not see it." *Id*. at 621. There, our Supreme Court held that because the plaintiff had not "presented any facts that the step posed an *unreasonable* risk of harm, the trial court properly granted summary disposition." *Id*. (emphasis in original).

Here, although the photograph of the stairs may have captured an optical illusion at one particular angle, testimony established that it would not have appeared so in person at other angles. Moreover, the step did not have a black strip of tape on it, but the photograph of the steps show that the top step did have a black mark where a strip once was; this mark was dark enough to appear in the photograph. In addition, the photograph also shows the handrail next to the steps where plaintiff fell. The handrail drops in elevation along with the steps, going downward, which indicates a differential in the steps at that point. Given these factors, an average person of ordinary intelligence would discover the risk presented upon a casual inspection. *Blackwell*, 318 Mich App at 579. The fact that plaintiff did not discover the risk is immaterial given that the test is an objective one. *Buhl*, ___ Mich App at ___; slip op at 18.

Because plaintiff does not argue that the steps presented "special aspects" that "differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm." *Lugo*, 464 Mich at 517 (quotation marks omitted), we decline to address this issue.

Affirmed. As the prevailing party, defendant may tax costs under MCR 7.219.

/s/ Jonathan Tukel
/s/ Jane E. Markey
/s/ Brock A. Swartzle