*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAROLENA HARPER,

      Plaintiff-Appellant,

v

AMERICAN CURRENT CARE OF MICHIGAN,
PC, doing business as CONCENTRA URGENT
CARE,

      Defendant-Appellee.

UNPUBLISHED
July 2, 2020

No. 347651
Oakland Circuit Court
LC No. 2017-160952-NO

Before: LETICA, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right an order granting summary disposition in favor of defendant under MCR 2.116(C)(10). Plaintiff argues on appeal that the trial court erred in determining that there was no genuine issue of material fact regarding whether the floor mat over which she fell was an open and obvious danger, that the floor mat did not contain special aspects, and in denying her request to amend her complaint. This appeal has been decided without oral argument pursuant to MCR7.214(E). We affirm.

## I. BACKGROUND

Plaintiff was injured at work. After her fall at work, plaintiff began using a walker. Plaintiff was using her walker during a visit to the defendant's urgent care facility. There were several floor mats in the lobby of the facility. Plaintiff and her friend, Kenneth Hall, who accompanied her on this visit, had noticed those mats at a previous visit. The floor mats were dark gray or black in color, and were on either a linoleum or light-colored wood floor. Plaintiff did not have any difficulty walking over the floor mats during her prior visit.

When plaintiff and Hall arrived at the urgent care, it was light outside and the lobby was well-lit. They sat together in the lobby until plaintiff was called into the examination room. When she was called, plaintiff walked through the door to the examination rooms. She did not experience any issue with the floor mat walking from the lobby into the examination room.

After her appointment, the doctor walked plaintiff out of the examination room and held the door open for her that led into the lobby. Plaintiff ambulated into the lobby on her walker. Plaintiff acknowledged that her gaze was focused on Hall as she entered the lobby. Hall testified that another person in the lobby drew his attention to a portion of the mat at the far end which was turned up. Hall attempted to reach the plaintiff to warn her or catch her but she fell before he accomplished either. Plaintiff testified that all she remembered was falling backward, trying to get up, and the doctor telling her not to get up and that the EMS was coming. Hall testified that when he saw plaintiff fall, she was pushing her walker forward and looking straight ahead, although her head was slightly turned to the right as she was listening to the doctor behind her who was walking her out. He witnessed one of the legs on the walker get caught on the corner of the floor mat, which was "turned up" or "curled up." Plaintiff was taken to Beaumont Hospital in Royal Oak where she underwent emergency brain surgery.

Plaintiff filed a complaint against defendant alleging negligence on the basis of her fall over the turned up corner of the floor mat. The defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10). At the hearing on defendant's motion, plaintiff admitted there was no evidence that the defendant caused the mat to be upturned or had notice of its condition. Additionally, the court found that the floor mat was an open and obvious condition which contained no special aspects. Plaintiff attempted to raise theories that defendant was also liable for failing to assist plaintiff in walking and for violations of the Americans with Disabilities Act. The trial court however declined to rule on these arguments, noting that plaintiff did not raise them in her complaint or seek leave to file an amended complaint. In its opinion granting summary disposition to defendant, the court stated that the plaintiff failed to "explain or rationalize" why such a late amendment would not unduly prejudice the defendant.

The trial court granted defendant's motion for summary disposition and denied plaintiff's oral request to allow her to amend the complaint. The trial court held that plaintiff failed to present evidence that defendant was on notice of, knew of, or should have known of the alleged defect. This appeal followed.

## II. SUMMARY DISPOSITION

"This Court generally reviews de novo a trial court's ruling on summary disposition motions." *Bennett v Russell*, 322 Mich App 638, 642; 913 NW2d 364 (2018). "A motion under MCR 2.116(C)(10) . . . tests the *factual sufficiency* of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A motion brought under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (Citation and quotation marks omitted). In making a decision on a motion for summary disposition under MCR 2.116(C)(10), the trial court considers "the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . ." *Bennett*, 322 Mich App at 642 (citation and quotation marks omitted). This Court, reviewing a motion under MCR 2.116(C)(10), considers "[t]he relative strength of the evidence offered by plaintiff and defendants . . . ." *El-Khalil*, 504 Mich at 162.

The party bringing the motion for summary disposition has the initial burden of supporting its motion with affidavits, depositions, admissions or other documentary evidence. *Sprague v*

*Farmers Ins Exch*, 251 Mich App 260, 264; 650 NW2d 374 (2002). The burden then shifts to the party opposing the motion, who must then establish that a genuine issue of material fact exists, and must go beyond mere allegations or denials of the pleadings, and establish specific facts demonstrating a triable issue of fact. *Id.* "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id.*

The trial court's first basis for the grant of summary relief was that plaintiff failed to produce any evidence that defendant was on notice of, knew of, or should have known of the turned up corner of the floor mat. Plaintiff does not address that reasoning on appeal, and focuses on the open and obvious and special aspect doctrines. If a party fails to dispute the basis of the trial court's ruling, this Court need not consider granting relief. *Derderian v Genesys Health Care Systems*, 263 Mich App 364, 381; 689 NW2d 145 (2004). At trial, the court received an admission from counsel that no evidence had been presented on the issue of notice:

> THE COURT: My question is, there's no evidence to support that they either caused it to be raised or knew of its existence before your client fell.
>
> MR. SMITH: That would be true.

The court, citing *Berryman v K Mart Corp*, 193 Mich App 88, 92; 483 NW2d 642 (1992), ruled that the failure to present any documentary evidence on the issue was fatal to plaintiff's cause.

Because the issue of notice is dispositive we need not address the open and obvious arguments presented by plaintiff.

## III. REQUEST TO AMEND COMPLAINT

An issue is preserved if it was "raised, addressed, and decided by the lower court." *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014) (quotation marks and citation omitted). Plaintiff did not file a motion to amend her complaint, but briefly mentioned that she could amend her complaint before trial. As such, this issue was not properly brought before the trial court and is not preserved on appeal. "Because plaintiff did not preserve this issue in the circuit court, our review is limited to plain error." *Kloian v Schwartz*, 272 Mich App 232, 242; 725 NW2d 671 (2006).

"To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000) (quotation marks and citation omitted). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (quotation marks and citation omitted).

At the summary disposition hearing, the plaintiff discussed alternative theories for relief under the ADA, and for failure to provide the plaintiff assistance in exiting the examination space. The court rebuffed the latter theory as one that would sound in medical malpractice and queried the plaintiff about the ADA: "The ADA stuff is not in your complaint, you've never moved to amend it, correct?". To which counsel replied, "I have not yet, no. But I mean, at trial I can -- or

prior to trial I'll move to amend to, you know, comport with evidence that's been presented in the record." The trial court did not err in declining to permit plaintiff to file an amended complaint because plaintiff did not request one, orally or in writing.

"Leave to amend the pleadings should be freely granted . . . ." *Kimmelman v Heather Downs Management, Ltd*, 278 Mich App 569, 571; 753 NW2d 265 (2008) (citation omitted). See also MCR 2.118(A)(2). Plaintiff here did not make a written or oral motion requesting leave to amend. Counsel for plaintiff admitted that he did not file a motion to amend, and stated, "prior to trial I'll move to amend to, you know, comport with evidence that's been presented in the record." Plaintiff did not file a motion to amend, or even argue to amend at the hearing—counsel only stated that he planned to do so in the future. The allegations concerning the ADA and plaintiff's proposed expert's affidavit were not alleged in the complaint. In *Kloian*, 272 Mich App at 242, this Court determined that "[b]ecause plaintiff did not seek leave of the court or obtain defendants' written consent to amend his complaint as required by MCR 2.118(A)(2), MCR 2.116(I)(5) did not require the court to sua sponte offer plaintiff an opportunity to amend. Therefore, no plain error occurred."

A court may also deny a motion to amend on the basis of undue delay, bad faith, failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 216; 859 NW2d 238 (2014). While "[d]elay, alone, does not warrant denial of a motion to amend," *Weymers v Khera*, 454 Mich 639, 659; 563 NW2d 647 (1997),

> a trial court may find prejudice when the moving party seeks to add a new claim or a new theory of recovery on the basis of the same set of facts, after discovery is closed, just before trial, and the opposing party shows that he did not have reasonable notice, from any source, that the moving party would rely on the new claim or theory at trial. [*Id*. at 659-660 (footnote omitted)].

In addition, "[i]f a trial court denies a motion to amend, it should specifically state on the record the reasons for its decision." *Id*. at 659.

Here, plaintiff raised new theories of liability, that defendant violated the ADA and was liable under ordinary negligence and medical malpractice principles, at the motion hearing, on January 9, 2019. Discovery in the case had closed in November 2018, and the trial was set for March 2019. Here, as in *Weymers*, there was no plain error in the trial court's finding that plaintiff's new theories were "on the same set of facts, after discovery [was] closed, just before trial[.]" *Id*. The trial court specifically stated its reasoning for denying plaintiff's request in its opinion and order, noting that "plaintiff failed to explain how it would be proper for the court to allow plaintiff to amend her complaint, which she argued for the first time at oral argument, when discovery had closed on November 12, 2018, and trial was set to begin on March 18, 2019." There was no plain error in the trial court's decision to deny plaintiff's request.

Affirmed.

/s/ Anica Letica
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien