*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANN ARBOR POLICE OFFICERS
ASSOCIATION, TOM FAUVER, JACK FOSTER,
ROBYN GILLEN, JANEL HANSEN, ANDREW
STEPHENSON, and NOAH WELLS,

        Plaintiffs-Appellants,

v

CITY OF ANN ARBOR, MILTON DOHONEY,
JR., JOHN FOURNIER, and CHRISTOPHER
TAYLOR,

        Defendants-Appellees.

UNPUBLISHED
January 19, 2023

No. 360147
Washtenaw Circuit Court
LC No. 21-001252-CL

Before: HOOD, P.J., and CAMERON and GARRETT, JJ.

PER CURIAM.

Plaintiffs appeal as of right the order granting summary disposition under MCR 2.116(C)(8) to defendants. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from an August 26, 2021 announcement by the City of Ann Arbor ("the City") imposing a policy requiring that all the City's employees become "fully vaccinated" against the COVID-19 virus (the "vaccine policy"). Any employees who did not become fully vaccinated would eventually be terminated. Soon after the vaccine policy was announced, the Governor signed into law the Legislature's 2021-2022 omnibus appropriations act, 2021 PA 87 ("the Act"), which contained provisions specifically prohibiting vaccine mandates as a condition of employment by certain government employers.

Plaintiffs filed the complaint in this case seeking, in part, declaratory relief that the City's vaccine policy violated the Act's prohibition of vaccine mandates. According to plaintiffs, the Act prohibited the City from enforcing the vaccine mandate. Defendants moved for summary disposition, arguing the Act did not prohibit local governments from creating and enforcing vaccine mandates as a condition of employment. The trial court agreed and granted the motion for summary disposition. This appeal followed.

## II. PRESERVATION AND STANDARD OF REVIEW

An issue is preserved if it is raised in the trial court. *Peterman v State Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). On appeal, plaintiffs argue the trial court misread the plain language of the Act which prohibits government employers from imposing vaccine mandates as a condition of employment. This argument is preserved because it was raised in the trial court. However, plaintiffs offer the additional argument on appeal that they were entitled to summary disposition under MCR 2.116(I)(2). Plaintiffs never moved the trial court for summary disposition under this subsection, nor did they raise this argument in their briefs or at oral argument. Therefore, this issue is unpreserved. *Id*.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Id*. at 119-120 (quotation marks and citations omitted).]

"If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." *Richards v Tibaldi*, 272 Mich App 522, 529; 726 NW2d 770 (2006), quoting MCR 2.116(I)(2).

Also reviewed de novo are issues involving statutory interpretation. *Deutsche Bank Trust Co Americas v Spot Realty, Inc*, 269 Mich App 607, 612; 714 NW2d 409 (2005).

> When interpreting a statute, our primary goal is to give effect to the intent of the Legislature. If the language of a statute is unambiguous, we presume the Legislature intended the meaning expressed in the statute. A statutory provision is ambiguous only if it conflicts irreconcilably with another provision or it is equally susceptible to more than one meaning. When construing a statute, we must assign every word or phrase its plain and ordinary meaning unless the Legislature has provided specific definitions or has used technical terms that have acquired a peculiar and appropriate meaning in the law. [*Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 458; 965 NW2d 232 (2020), quoting *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 136; 892 NW2d 33 (2016).]

A court "may not pick and choose what parts of a statute to enforce but must give effect to every word of a statute if at all possible so as not to render any part of the statute surplusage or nugatory." *Grand Rapids*, 334 Mich App at 458 (quotation marks and citation omitted). Similarly, courts cannot "speculate regarding legislative intent beyond the words expressed in [the] statute." *Id*. "This Court reads the provisions of statutes reasonably and in context, and reads subsections of cohesive statutory provisions together." *Detroit Pub Sch v Conn*, 308 Mich App 234, 248; 863 NW2d 373 (2014).

Plaintiffs' unpreserved argument is reviewed for plain error. *Bennett v Russell*, 322 Mich App 638, 643; 913 NW2d 364 (2018). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. (quotation marks and citation omitted). An error affects substantial rights when "it affect[s] the outcome of the proceedings." *Mr. Sunshine v Delta College of Trustees*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358042); slip op at 2 (quotation marks and citation omitted).

## III. LAW AND ANALYSIS

Plaintiffs argue the trial court misinterpreted the plain language of the Act when it concluded the City was not subject to the prohibition of vaccine mandates. We disagree.

Again, this case involves the Legislature's fiscal year 2021-2022 omnibus appropriations act, enacted on September 29, 2021. The Act's title-object clause stated, in part:

> [T]o make, supplement, adjust, and consolidate appropriations for various state departments and agencies, the judicial branch, and the legislative branch for the fiscal years ending September 30, 2021 and September 30, 2022; to provide for certain conditions on appropriations; to provide for the expenditure of the appropriations; and to repeal acts and parts of acts. [2021 PA 87.]

Article 5 of the Act included appropriations for "General Government." 2021 PA 87, art 5. Part 1 of this article provided an appropriation to the Department of Treasury, which included allocation for "revenue sharing." 2021 PA 87, art 5, part 1, § 108. The "revenue sharing" portion directed monies for "[c]ity, village, and township revenue sharing." 2021 PA 87, art 5, part 1, § 108 (11). This portion also included funds for "[c]onstitutional state general revenue sharing grants." 2021 PA 87, art 5, part 1, § 108 (11).

Part 2 of article 5 stated, in part:

> (1) Any department, agency, board, commission, or public officer that receives funding under part 1 shall not:
>
> (a) Require as a condition of accessing any facility or receiving services that an individual provide proof that he or she has received a COVID-19 vaccine except as provided by federal law or as a condition of receiving federal Medicare or Medicaid funding.

(b) Produce, develop, issue, or require a COVID-19 vaccine passport.

(c) Develop a database or make any existing database publicly available to access an individual's COVID-19 vaccine status by any person, company, or governmental entity.

(d) Require as a condition of employment that an employee or official provide proof that he or she has received a COVID-19 vaccine. This subdivision does not apply to any hospital, congregate care facility, or other medical facility or any hospital, congregate care facility, or other medical facility operated by a local subdivision that receives federal Medicare or Medicaid funding.

(2) A department, agency, board, commission, or public officer may not subject any individual to any negative employment consequence, retaliation, or retribution because of that individual's COVID-19 vaccine status.

\* \* \*

(4) If a department, agency, board, commission, subdivision, or official or public officer is required to establish a vaccine policy due to a federal mandate, it must provide exemptions to any COVID-19 vaccine policy to the following individuals:

(a) An individual for whom a physician certifies that a COVID-19 vaccine is or may be detrimental to the individual's health or is not appropriate.

(b) An individual who provides a written statement to the effect that the requirements of the COVID-19 vaccine policy cannot be met because of religious convictions or other consistently held objection to immunization.

(5) As used in this section, "public officer" means a person appointed by the governor or another executive department official or an elected or appointed official of this state or a political subdivision of this state. [2021 PA 87, art 5, part 2, § 225.]

The issue in this case is whether the City was subject to the prohibition of vaccine mandates articulated in section 225. Again, the prohibition applies to any "[a]ny department, agency, board, commission, or public officer that receives funding under part 1." 2021 PA 87, art 5, part 2, § 225 (1). The relevant "department" receiving funds under part 1 is the Department of Treasury. 2021 PA 87, art 5, part 1, § 108. As such, the prohibition of vaccine mandates applies to employees of the Department of Treasury.

Plaintiffs are employees of the City of Ann Arbor, not the Department of Treasury. Therefore, the prohibition of vaccine mandates does not apply to them. A plain reading of the statutory scheme demonstrates that the Act did not prohibit the City from enforcing its vaccine policy against its employees. The trial court did not err in granting defendants' motion for summary disposition under MCR 2.116(C)(8) because plaintiffs' complaint challenging the

vaccine policy on the basis of the Act was facially insufficient.  For the same reason, plaintiffs were not entitled to summary disposition in their favor under MCR 2.116(I)(2).

Affirmed.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett